follows, therefore, that the complaint as amended did not state a cause of action, and the defendant's motion to dismiss on that ground should have been granted.

For the error thus committed the judgment must be reversed; and a new trial granted, with costs to the appellant to abide the event. All concur; PATTERSON, J., in result.

---

In re RABY.

(Supreme Court, Appellate Division, First Department.   May 6, 1898.)

ATTORNEY AND CLIENT—ACCOUNTING.
  Where an attorney is shown to be in possession of his client's money, and is called upon to account, he is bound to show in detail what he has done with it, and to justify its retention or expenditure, and it is not enough for him to merely state in general terms that he has retained it for counsel fees, and for moneys which he has paid out on account of the petitioner.

Appeal from special term, New York county.

In the matter of the application of Mary Raby for an order directing an attorney to pay over an amount alleged to be in his possession and belonging to her, plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

T. J. McManus, for appellant.
A. Kling, for respondent.

VAN BRUNT, P. J.   This is an application to compel an attorney to pay over money to his client, which it is alleged that he has received.   The receipt of the money is admitted, but it is claimed upon the part of the attorney that it has been accounted for.   General allegations in regard to such account are indulged in, but nothing in detail is stated; and the attorney might just as well have contented himself with stating that he owed his client nothing as to have made the general allegations contained in his affidavit.   All the circumstances attending the transaction are suspicious, and indicate that the petitioner has been imposed upon.   Where an attorney is shown to be in the possession of his client's money, and he is called upon to account, he is bound to show in detail what he has done with the money, and to justify its retention or expenditure.   He cannot merely state that he has retained it for counsel fees, and for moneys which he has paid out on account of the petitioner.   Upon the present condition of the papers, the court would, perhaps, be justified in making an order for the payment of the sums which are claimed from this attorney, as he has in no way complied with the obligations resting upon him in view of the confidential relations existing between himself and his client.   The more orderly procedure, however, would seem to be to direct a reference to take proof of the facts alleged in the petition, and ascertain the precise amount which is due from this attorney to his client, such reference to proceed summarily, and that the court may adjudge the payment of that amount.

The order should be reversed, with $10 costs and disbursements, and the motion granted so far as to order a reference to take proof of the facts stated in the petition and answer, upon the coming in of which report an application may be made in the court below for a final order. All concur.

## GUMBY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

STREET RAILROADS—INJURY TO FOOT TRAVELER.

At the trial of an action to recover damages for personal injuries due to the alleged negligence of the defendant, it appeared that the plaintiff, a boy five years old, in company with an older boy, was passing over Sixth avenue at a crossing, and waited between the car tracks for a truck to pass. While thus waiting, one of defendant's cars, distant from 20 to 40 feet, approached, and one of its horses struck plaintiff just before he got across the track. There was evidence that the car was then still proceeding very rapidly, and that the driver was urging the horses on. *Held,* that the evidence would have warranted a verdict for plaintiff, and that the dismissal of the complaint was error.

Appeal from trial term, New York county.

Action by George A. Gumby, an infant, against the Metropolitan Street-Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

M. P. O'Connor, for appellant.
John T. Little, Jr., for respondent.

O'BRIEN, J. The complaint in this action was dismissed on the ground that no negligence on the part of the defendant was shown in connection with the occurrence which resulted in grave injuries to the infant plaintiff. On this appeal, which is from the judgment entered on the dismissal of the complaint, it is necessary only to examine the record to ascertain whether the action of the court below was right. It appeared in evidence that on the 22d day of May, 1897, the plaintiff, an infant of 5 years of age, in company with an older boy about 11 years of age, was crossing Sixth avenue at the southerly crosswalk of Third street. It also appeared that they were passing from the west to the east side of the avenue, and that there was a wagon proceeding northward on the uptown track of the defendant's railway. The boys had reached a position in the street between the two tracks. While they were there standing, waiting for the wagon or truck to pass, one of the defendant's cars was approaching, its distance being variously estimated at from 20 to 40 feet. There was evidence tending to show that the horses attached to the car were proceeding at a rapid rate. The older boy crossed to the easterly sidewalk in safety. The younger boy, following him, was overtaken, and struck by one of the horses drawing the car. The boy had almost reached the easterly rail of the track, and was struck by the right-hand horse, and sustained injuries which resulted in the loss of his right arm.