## DETERMINED IN THE

# FIRST DEPARTMENT

## IN THE

## APPELLATE DIVISION,

## May, 1898.

---

In the Matter of the Application of MARY RABY, Appellant, for an Order Requiring HUGO S. MACK, Respondent, to Pay Over Moneys Received by him Belonging to MARY RABY.

29 225
54 364
29 225
73 ²508

*Attorney and client — an attorney accounting for money of his client must show in detail what he has done with it — procedure on the accounting.*

An attorney who is shown to have been in the possession of his client's money and is called upon to account, is bound to show in detail what he has done with the money, and to justify its retention or expenditure. It is not sufficient for him to state that he has retained it for counsel fees and for money which he has paid out on the client's account.

On an application to compel the attorney to account, the proper procedure is to direct a reference to take proof of the facts alleged in the petition, and to ascertain the amount due to the client, to the end that the court may adjudge the payment of that amount by the attorney.

APPEAL by the petitioner, Mary Raby, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of February, 1898, denying her application for an order directing Hugo S. Mack to pay over an amount alleged to be in his possession and belonging to her.

*Terence J. McManus*, for the appellant.

*Abram Kling*, for the respondent.

First Department, May Term, 1898.          [Vol. 29.

Van Brunt, P. J. :

This is an application to compel an attorney to pay over money to his client, which it is alleged that he has received. The receipt of the money is admitted, but it is claimed upon the part of the attorney that it has been accounted for. General allegations in regard to such account are indulged in, but nothing in detail is stated, and the attorney might just as well have contented himself with stating that he owed his client nothing as to have made the general allegations contained in his affidavit.

All the circumstances attending the transaction are suspicious, and indicate that the petitioner has been imposed upon. Where an attorney is shown to be in the possession of his client's money, and he is called upon to account, he is bound to show in detail what he has done with the money, and to justify its retention or expenditure. He cannot merely state that he has retained it for counsel fees and for moneys which he has paid out on account of the petitioner.

Upon the present condition of the papers the court would, perhaps, be justified in making an order for the payment of the sums which are claimed to be due the petitioner from this attorney, as he has in no way complied with the obligations resting upon him, in view of the confidential relations existing between himself and his client. The more orderly procedure, however, would seem to be to direct a reference to take proof of the facts alleged in the petition, and to ascertain the precise amount which is due from this attorney to his client, such reference to proceed summarily, to the end that the court may adjudge the payment of that amount.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, so far as to order a reference to take proof of the facts stated in the petition and answer, upon the coming in of which report an application may be made in the court below for a final order.

Barrett, Rumsey, Ingraham and McLaughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and reference ordered.