(73 App. Div. 505.)

In re MARTIN.

(Supreme Court, Appellate Division, First Department.    June 20, 1902.)

MONEY COLLECTED BY ATTORNEY—PAYMENT TO CLIENT—PROCEEDINGS TO EN-
    FORCE—COMPENSATION FOR SERVICES—AMOUNT—DETERMINATION—REFER-
    ENCE.

    A petition to compel an attorney to pay over money to his client, re-
    ceived in prosecuting a claim by the latter for back pay as a police
    officer after his reinstatement by mandamus, in which he was also repre-
    sented by the attorney, and the attorney's affidavit in opposition thereto,
    raised an issue as to whether a written agreement for compensation
    in a specified amount, made after the original retainer, was intended,
    as contended by petitioner, and as it purported on its face, to include
    all the services rendered or to be rendered, and merely formulated the
    arrangement made at the time of the original retainer, or whether it
    excepted therefrom services specified in the opposing affidavit, on which
    the attorney based a charge on quantum meruit for additional compensa-
    tion. Held that, as it did not clearly appear from the petition and af-
    fidavit alone that the attorney was entitled to retain more than the sum
    specified in the written agreement, petitioner was entitled to a full
    hearing on the issue raised, and proof should have been taken by the
    court, or a reference ordered to determine it, before denying him relief.

Appeal from special term, New York county.

Application of James Martin to compel payment of certain moneys collected by Louis J. Grant as attorney. From an order denying a

motion for an order directing payment to petitioner, he appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Lawrence E. Brown, for appellant.
Frederick B. House, for respondent.

HATCH, J. By the petition in this proceeding it appeared that the petitioner employed Mr. Grant as his attorney to procure his reinstatement as doorman in the police department of the city of New York, from which position it was claimed that he had been improperly removed. The attorney instituted proceedings by mandamus to compel the petitioner's reinstatement. The proceeding was successful, resulting in an order directing the petitioner's reinstatement in his position. After such result had been accomplished the petitioner asserted a claim for back pay during the period between the time of his removal and his restoration. To compel payment of this sum the attorney instituted a proceeding by mandamus, but was defeated therein by the court to whom the application was made, and such determination was affirmed by this court and the court of appeals. See People ex rel. Flynn v. York, 59 N. Y. Supp. 1104, 55 N. E. 1099. Thereafter the attorney brought an action in favor of the petitioner and against the city to recover such back pay. The petitioner was successful in the action, recovering therein the sum of $1,027.54. Subsequently the corporation counsel made discovery of certain facts which he believed ought to have defeated the petitioner in obtaining a restoration to his position, and made a motion to set aside the order in the mandamus proceeding. This motion was denied, the attorney for the petitioner opposing the same. After the trial was had, resulting in the judgment, the corporation counsel made an application to the court to reduce the amount of the recovery, based upon the facts which he had previously discovered, which tended to show that the petitioner ought not to have been reinstated. This motion was granted, and the recovery reduced to the sum of $739.32. From the order reducing the recovery an appeal was taken, which is now pending.

It is claimed by the petitioner that by virtue of the proceedings and the action there was paid to the attorney $1,080.46, of which sum he became entitled to receive $760.46, but that the attorney has refused to pay over to the petitioner such sum. The opposing affidavit does not put in issue the amount of money which the attorney has received, but he claims that from such sum the petitioner is only entitled to $480.33, which sum he tendered to the petitioner, who refused the same, and subsequently, for purposes of settlement, he offered to pay to the petitioner $569.35 and prosecute the appeal from the order reducing the amount of the recovery without further charge. This offer the petitioner also refused. The petitioner also states that, when he applied to the attorney to institute the proceedings and secure his back pay, he entered into an agreement with the attorney whereby, for the sum of $320, the attorney agreed to prosecute all of the proceedings necessary to accomplish the purpose, and that he was to receive no more than such sum. It is at this point that the differences

between these parties arise. It is claimed by the attorney, who supports such claim by affidavit, that the agreement which he made with the petitioner did not embrace the mandamus proceedings which were instituted and prosecuted prior to the bringing of the action; that at the time when he brought the action he made an agreement (which is set out in the opposing papers) to conduct the action and certain proceedings for the sum of $320, but that the services which he performed which were not embraced within such agreement were reasonably worth the sum of $450, and that, together with the $320, measures the amount of compensation which he is entitled to retain from the amount of the recovery; that he has offered to pay more than the difference between these sums to the petitioner; and that he has a lien upon such fund for the amount of his claim.

By the terms of the agreement it is recited that in consideration of his services rendered by the attorney in having the petitioner reinstated as doorman in the police department of the city of New York, and in consideration of the services rendered and to be rendered as attorney in the trial of the action of the petitioner against the city of New York to recover arrears of pay to the petitioner as such doorman, he agreed to pay to the attorney the sum of $320 out of any amount of such pay which might be recovered from the city of New York, or the police department of such city, or either of them, or from any other corporation or person, as the result of said action or proceeding, or upon any compromise or settlement of the petitioner's claim, together with the costs of the action. The agreement was entitled, "In the Action against the City of New York," bore date January 9, 1901, and was acknowledged on the same day. It is evident that the agreement was executed subsequent to the institution of the mandamus proceeding to secure petitioner's reinstatement, for by the petition it appears that he retained the attorney in about the month of June, 1898; but the agreement recites that the consideration of the $320 was for services in reinstating him as doorman, and for services rendered and to be rendered. It is therefore evident that there is a sharp question of fact presented by this proceeding, as to whether the agreement for the payment of $320 was to be in full for all of the services to be rendered for the petitioner, together with the costs, or whether it was limited to the services in the action. The petitioner claims that it covered the whole. Such are the averments of his petition. The attorney claims it covered only a part. Such are the statements made in his affidavit. The attorney has set out in detail the specific items and value of the services with respect to the matters which he claims are not embraced or covered by the agreement. We think, upon this state of the record, that the court was not justified in disposing of this matter upon the papers presented. The petitioner had no opportunity to show, in answer to the affidavit of the attorney, that the agreement, although executed after the retainer, was in fact but a formulation of the arrangement made at the time of the original retainer. The recitals in the agreement tend to bear out the petitioner's contention in that regard, while the date of execution and its title show it to have been executed some time subsequent. Whether the attorney may charge any extra compensation for his services is dependent upon the

fact as to whether or not the agreement measured the whole amount, for the whole service, that he was entitled to receive. Upon this subject the petitioner has not yet had a full hearing, and we think the court ought to have ordered a reference or have taken proof upon such subject. In re Raby, 29 App. Div. 225, 51 N. Y. Supp. 552; In re Ernst, 54 App. Div. 353, 66 N. Y. Supp. 620; Thomasson v. Latourette, 63 App. Div. 408, 71 N. Y. Supp. 559. The attorney is required to show clear legal right to retain the moneys which he claims as against his client, and in case of doubt the court should take further proof, or, in an exceptional case, order a reference. It is not clear in the present case that the attorney is authorized to retain more than the sum of $320 and his costs out of the sums which he has received. Proof should therefore have been taken by the court, or a reference ordered, as the attorney is required to clearly establish his right to the sum of money which he insists upon retaining. The attorney has quite fully set out the character of his services which he has rendered, and the charges which he has made for such services, not covered by the agreement. The basis of the charge is upon a quantum meruit, and while the court might have properly determined this question, where the facts are all laid before it, yet ordinarily such question ought not to be determined except upon full proof of all the facts. In the present case we think the whole matter should have been sent to a referee to take the proof, or the court should have taken it, as to it seemed most expedient.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the matter sent to a referee to take proof, and report the same to the court, with his opinion thereon. All concur.