PALLACE v. NIAGARA, LOCKPORT & ONTARIO POWER CO.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1909.)

1. ATTORNEY AND CLIENT (§ 117*)—DUTY OF ATTORNEY TO ACCOUNT TO CLIENT.
    An attorney, intrusted with the money of his client, must be able, when requested by the client, to furnish an itemized statement of his expenditures.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 232; Dec. Dig. § 117.*]

2. ATTORNEY AND CLIENT (§ 117*)—DUTY OF ATTORNEY TO ACCOUNT TO CLIENT.
    Where the general counsel of an electrical power company was supplied by it with money to purchase rights of way and for expenses incurred in securing franchises, and paid over part of the money to an assistant to be used for such purposes, that the assistant verbally accounted to the general counsel in a manner satisfactory to the latter did not excuse him from accounting in detail to the company as a condition precedent to recovering for his services.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 232; Dec. Dig. § 117.*]

3. ATTORNEY AND CLIENT (§ 167*)—ACTION FOR COMPENSATION—DEFENSES—FAILURE TO ACCOUNT.
    In an action by an attorney for compensation for services, plaintiff's failure to account for money furnished him by defendant for expenses and other purposes connected with his employment was properly raised by defendant on the trial by motion for nonsuit and for the direction of a verdict, and also by exceptions to refusals to charge.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 373; Dec. Dig. § 167.*]

    Robson, J., dissenting.

Appeal from Trial Term, Monroe County.

Action by John Pallace, Jr., against the Niagara, Lockport & Ontario Power Company. Verdict for plaintiff, and defendant appeals. Defendant's motion for new trial on exceptions ordered heard in the first instance by the Appellate Division, Fourth Department. Exceptions sustained, and motion for new trial granted.

Argued before SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

L. L. Babcock, for appellant.
Eugene Van Voorhis, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SPRING, J.  The respondent is an attorney and counselor at law, admitted in 1901 and engaged in the active practice of his profession. The defendant is a corporation engaged in the transmission of electricity from Niagara river to the city of Syracuse.  In the years 1905 and 1906 it was engaged in securing franchises from the various towns and municipalities along its proposed route, and also in acquiring lands by purchase and condemnation proceedings for the building and operation of its line.  Robert E. Drake, of Syracuse, was the general counsel of the defendant, at a yearly salary of $6,000, and in active charge of the work referred to.  At his suggestion the plaintiff was employed by the defendant to assist in this work, and a retainer of $500 was paid to him, and this action is to recover for services rendered in pursuance of that employment.

The plaintiff was energetic and skillful, and faithfully performed the duties intrusted to him by Mr. Drake, was instrumental in procuring about 40 franchises from towns and municipalities for the defendant's transmission line, and participated in the condemnation proceedings instituted by the defendant for the acquisition of lands needed for its right of way, which was on private lands.  In all this work he was devoted to the interests of the defendant and claims that he spent 214 days, from September, 1905, to May, 1906, in the performance of the duties assigned to him by Mr. Drake, and that his services were worth $100 a day.  We think there was sufficient evidence to permit the jury to find that the plaintiff was employed by the defendant, instead of the construction company, and also that he did not make use of improper or illegal methods to obtain the franchises.

Mr. Drake was supplied with money by the defendant to purchase rights of way and for expenses incurred in securing these franchises. From September, 1905, to the date of his death early in May, 1906, he paid to the plaintiff over $12,000.  The plaintiff so testified, and said that no part of this was in payment for his services, or was used in any way for his benefit, and that none of it was used for any illegal purpose.  He stated that he could not account for any part of this large sum of money.  It was paid to him by means of checks, and the greater number of them bore only his indorsement, indicating that he received the cash from the paying bank.  He testified that he kept no account of the sums received or the use he made of them, and that he had no recollection whatever of the expenditures from these funds.  His recollection of the details of the transactions in the course of his employment is accurate and minute, and yet he testified he was unable to give any light concerning the way these moneys were paid out by him.  He excused his failure to keep an account of these moneys intrusted to him by the statement that from time to time. he verbally accounted to Drake in a manner satisfactory to him.  The plaintiff did not claim that he ever kept or rendered an itemized account of these moneys to Drake.  His testimony is that he kept no account whatever.

We think the excuse is not sufficient.  He knew this money belonged to the defendant.  He and Drake were trustees, and the defendant is entitled to know how the money was expended.  An oral statement to Drake did not absolve the plaintiff from his obligation to account in

detail to the owner of the moneys. An attorney, intrusted with the money of his client, must be able to furnish an itemized statement of his expenditures when requested by the client. Matter of Raby, 29 App. Div. 225, 51 N. Y. Supp. 552; Matter of Ernst, 54 App. Div. 363, 66 N. Y. Supp. 620. In the former case the court say, at page 226 of 29 App. Div., page 552 of 51 N. Y. Supp.:

"Where an attorney is shown to be in the possession of his client's money, and he is called upon to account, he is bound to show in detail what he has done with the money, and to justify its retention or expenditure. He cannot merely state that he has retained it for counsel fees and for moneys which he has paid out on account of the petitioner."

While the plaintiff testified that he may have expended some of this money in his personal expenses in the course of his employment, which seems reasonable, he did not furnish any approximate estimate of the amount expended. His field of operations was chiefly in the vicinity of Rochester, so his traveling expenses could not have been large in the seven or eight months he was engaged in the business of the defendant. He did not claim that he paid for rights of way or the expenses of the town or village boards, only to a very limited amount, if at all. The plaintiff must be charged with these sums paid to him by Drake, and the burden is upon him to account therefor. He is entitled to adequate compensation for the valuable services he rendered for the defendant. Before he can recover, however, he must show that he has properly disbursed the moneys which he admits came into his custody.

By the verdict of the jury he is exonerated from rendering any account whatever to the defendant of these moneys. In other words, admittedly he has received $12,000, and in an action for services he is permitted to recover their full value, and still retains, so far as the record shows, unaccounted for, this large sum of money belonging to his client, and is acquitted of any liability to account hereafter. His failure to account was properly raised on the trial by motion for nonsuit and for the direction of a verdict, and also by exceptions to refusals to charge.

The defendant's exceptions are sustained, and the motion for new trial granted, with costs to the defendant to abide event. All concur, except ROBSON, J., who dissents.