HAVES REALTY CORPORATION, Appellant, v. FRANK B. COLTON, Respondent.—
This case is an equitable one, and the issue presented a question of fact between
the contending parties. At the end of plaintiff's case the court undoubtedly had
the right to dismiss if the plaintiff failed to make out a cause of action which
satisfied the court's conscience. The procedure followed here was a little unusual.
The learned justice, at the close of plaintiff's case, called the defendant to the stand
and interrogated him regarding a certain letter which had been sent by the defend-
ant to the plaintiff. The defendant then was excused and was not cross-examined
by plaintiff's counsel, who felt that if he did examine the defendant as to matters

outside of the incident testified to by defendant when the court examined him, the plaintiff would make the defendant its witness, and would thus be bound by the testimony elicited.   The action is one against an attorney by his client, the charge being that the attorney has not acted in good faith, and that he has refused to account for plaintiff's property which, according to the proof in the case, had been transferred to defendant under conditions which required the defendant attorney to account therefor to the plaintiff.   We think that in such case the client is entitled to the account demanded, and feel that there should be no hesitancy on the part of the attorney to make a full disclosure of all facts and circumstances in connection with the property of his client.   Therefore, in the interest of justice this judgment is reversed upon the law and the facts, and a new trial granted, with costs to appellant to abide the event.  `We express no opinion as to the merits of the controversy.   Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur.