■ EZRA KAPLAN et al., as Executors of RAY K. KAPLAN, Deceased, Appellants, v. EDWARD BOBICK et al., Respondents.— Order, entered March 31, 1966, in action for an accounting, granting plaintiffs' motion for partial summary judgment to a limited extent, and granting plaintiffs' motion to vacate defendants' demand for a bill of particulars also to a limited extent, together with other qualified relief, unanimously modified on the law, on the facts, and in the exercise of discretion, with $50 costs and disbursements to plaintiffs-appellants and the motions granted in their entireties without prejudice to defendants' seeking leave to obtain particulars or examinations before trial on issues raised by objections to the account as may then appear appropriate, with $10 costs on each of the two motions. Defendants, while acting as lawyers for the

deceased client, concededly received substantial sums of money for which they admit they never rendered any statement to the client. They have also failed to render such statement to her executors, although requested. Since they received such sums while sustaining a fiduciary relation to the client as attorneys a duty to account exists (3 N. Y. Jur., Attorney and Client, §§ 57, 64; *Pallace* v. *Niagara, Lockport & Ontario Power Co.*, 131 App. Div. 453, 454–455; *Hayes Realty Corp.* v. *Colton*, 212 App. Div. 837; cf. *Kleckner* v. *Levine*, 12 A D 2d 788). It is immaterial that they may claim that some of the moneys were to be expended for purposes which they assert were not connected with any fiduciary responsibility. The significant fact is that the moneys were received from their client while they were her fiduciaries (see, generally, 7 C. J. S., Attorney and Client, § 133, and cases cited, and esp. *Reeck* v. *Polk*, 269 Mich. 252). Concur — Breitel, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.