In the Matter of the Application of ALOIS L. ERNST, Appellant, for an Order Directing GILBERT R. HAWES, Respondent, an Attorney and Counselor at Law, to Pay Over Certain Moneys Collected by Him.

*Attorney and client — reference to determine what is due the client out of money collected by the attorney — proof required to establish the attorney's charges.*

Where an attorney collects over $2,000 for a client, and retains, without the consent of the client, one-half of that sum in satisfaction of his charge for services and disbursements, a motion to compel him to pay to his client the amount so retained should be granted to the extent of ordering a reference to determine what amount, if any, is due to the client.

*Semble*, that before the attorney will be permitted to retain such money, he must show the services and disbursements in detail, and establish the reasonableness of his charge by evidence sufficient to justify a finding by a court or jury to that effect.

APPEAL by the petitioner, Alois L. Ernst, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of May, 1900, denying his application to compel Gilbert R. Hawes, an attorney and counselor at law, to pay over to the petitioner certain moneys collected by him.

*Max Cohen*, for the appellant.

*Herbert Parsons*, for the respondent.

MCLAUGHLIN, J.:

From the moving papers it appears that in January, 1895, Charles Casper & Co., a domestic corporation, executed and

delivered to the petitioner, Alois L. Ernst, its promissory note for $1,500, and as collateral security for the payment of the same it assigned to him certain fire insurance policies. Thereafter, the property covered by the policies was destroyed by fire, and certain insurance companies and underwriters having failed and neglected to pay their proportionate amount of the loss, the respondent Hawes, as attorney for this petitioner, and also as the attorney for one Ridgway (who had theretofore been appointed receiver of the corporation), brought actions against the insurance companies and underwriters. The actions were prosecuted to judgment, and some of them were thereafter satisfied by the defendants paying the amount of them to the attorney.

There is no dispute between the parties but that Hawes collected the sum of $2,254.89 upon the judgments, and that he has only paid to the petitioner the sum of $1,100. Application was made to the court to compel him to pay over a portion of the balance, and he there claimed that he had a right, as attorney, to retain such balance in payment of his fees for legal services and for disbursements made by him in the prosecution of the actions. The application was denied and Ernst has appealed.

We are of the opinion that the application should have been granted to the extent of appointing a referee to take proof of the facts alleged in the petition and answer, and also to ascertain the precise amount, if any, which is due from this attorney to his client. There is no dispute but that he has collected $2,254.89 and has retained over fifty per cent of such sum for his services and disbursements. To justify such charge, and before he will be permitted to retain it, something more than a general statement that he is entitled to that amount for services rendered and disbursements made must be presented to the court. Where an attorney collects money and seeks to retain a portion of it, without the consent of his client, in satisfaction of his charges for services rendered and disbursements made, he must show in detail, when called upon by his client to do so, what services he has rendered and what disbursements he has made, and also the facts justifying the same. (*Matter of Raby*, 29 App. Div. 225.) The general allegation that a certain sum is retained for legal services and expenses is insufficient. Enough must be shown to justify a finding by the court or jury

that the services were worth the amount charged and that the expenses were necessary, or at least reasonably made.

There being, therefore, no dispute between the parties as to the amount of money received by the attorney, or the amount which he has retained, we think the court should not have denied the application, but, on the contrary, should have ordered a reference to take proof of the facts stated in the petition and answer, and ascertain the amount, if anything, due the client, to the end that the court might determine whether or not anything was due him, and, if so, direct its payment.

The order appealed from, therefore, must be reversed, with ten dollars costs and disbursements, and the application granted so far as to order a reference to take proof of the facts stated in the petition and answer. Upon the coming in of the report, an application may be made in the court below for a final order.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and reference ordered.