## LAURA D. LINDSLEY v. CLINTON L. CALD-WELL, Appellant.

### (No. 1.)

#### Division Two, May 23, 1911.

1. **ESTABLISHING TRUST: Attempt to Force Payment of Debt by Refusing to Execute.** Where plaintiff's money bought the certificate of stock and she in consequence was its equitable owner; where she permitted her agent to use her property, not for the purpose of hindering and delaying his creditors, but as a loan to enable him to extricate himself from financial difficulties; where the stock was placed in the name of defendant, who was acting as attorney for plaintiff's agent, with the understanding and agreement that he was to immediately indorse the certificate in blank and turn it over to plaintiff's agent; and where defendant asserts no legal or equitable ownership in the stock, he cannot, in violation of his agreement, refuse to turn over the stock to plaintiff on the ground that the agent owes him a large sum of money for legal services. Even though he has a legal claim against the agent, he has no right to hold plaintiff's stock for the sole purpose of forcing a settlement with her agent.

2. ――――: ――――: **Confidential Relation.** And where the stock was placed in the name of defendant as the confidential adviser of plaintiff's agent, under an express agreement that he would immediately indorse and deliver it to the agent, it would be violative of his confidential relation with the agent to permit him to retain the stock for the purpose of forcing the agent to settle with him, even though the stock, in point of fact, belonged to the agent.

3. ――――: ――――: **Made to Attorney to Defraud Creditors.** The defense that the certificates of stock, purchased with the money of plaintiff, were placed in defendant's name by plaintiff's agent, under an express agreement that defendant was to immediately indorse the stock and deliver it to the agent, and that the transaction took that form in order to enable the agent to hinder and delay his creditors, and, therefore, equity, because of the corrupt purposes which prompted the transfer, will leave the parties where it finds them, is not available to a defendant who was the attorney and confidential adviser of the agent, and receives the conveyance as such.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*R. F. Walker* for appellant.

(1)   The respondent must recover, if at all, on the strength of her own title. Ownership must be proved beyond reasonable doubt. A preponderance of the evidence is not sufficient. Shaw v. Shaw, 86 Mo. 595; Brinkman v. Sunken, 174 Mo. 709; Ringo v. Richardson, 53 Mo. 385; Kennedy v. Kennedy, 57 Mo. 73; Adams v. Burrus, 96 Mo. 361; Philpot v. Penn, 91 Mo. 38; Greentree Brewery v. Dold, 45 Mo. App. 603. (2)   In a suit to recover personal property not only will evidence of possession or dominion be considered, but all the facts and circumstances surrounding the claim of ownership will be carefully examined by a court of equity to enable it to determine whether the evidence is sufficient to sustain an honest claim of ownership or whether it is tinctured with fraud. King v. Moon, 42 Mo. 551; Bump, Fraud. Conv. (1896), sec. 191. (3)   He who having the full title desires to retain the control and use of his property, and yet transfers it to another, can, in the general course of human actions, have but one motive for that measure, and that motive must be to defeat or elude the claims of others. Such a measure can never be necessary for any legal or honest purpose. Bump, Fraud. Con. (1896) 191. (4)   If the transaction shows artifice, collusion and a covert holding of the property, a court of equity will not afford relief. The suitor must come into court with clean hands. Fraud or any unconscientious conduct will repel a suitor from the forum whose very foundation is good conscience. Brotzman's Appeal, 119 Pa. St. 653; 1 Pomeroy, Eq. Jur., sec. 404. (5)   If the relation of principal and agent is alleged in a suit to recover specific personal property, and it appears that such relation has been vague, uncertain, unusual and out of the ordinary course of honest business dealings, a court of equity will not afford relief. The test of the agency relation is, who

derived the benefit? Adams v. Whittlesey, 3 Conn. 560. (6) A secret agency relation constructed upon and growing immediately out of an illegal transaction and pertaining to its subject-matter, is equally tainted by it. Armstrong v. Toler, 11 Wheat. 258; Buskingham v. Fitch, 18 Mo. App. 91; Macklin v. Schmidt, 104 Mo. 349; Comstock v. Draper, 1 Mich. 481. (7) If the evidence shows that respondent only received the Bristol stock and not the 50 per cent contract at the time of the alleged sale of same to her, then the contract was not consummated or complete and is executory; if executory and the transaction has been shown to be covert, or contrary to honest business dealings, or opposed to public policy, a court of equity will not afford relief. If, therefore, this action had been instituted against Stevenson and he had set up the defense of fraud, upon proof of same a court of equity would have left the parties where it found them. If this rule is applicable in a suit against Stevenson to recover this property, then it is applicable in a suit against the appellant who is in privity with him if the sale was consummated. In fact, any one (although not a creditor or in privity with a creditor) against whom an action is brought growing out of or based upon an executory contract, may plead fraud as a defense. The doctrine of *in pari delicto* applies to such cases in all of its fullness. Mitchell v. Henley, 110 Mo. 604; Laramore v. Tyler, 88 Mo. 661; Fenton v. Hamm, 35 Mo. 409; Sell v. West, 125 Mo. 621. (8) Even if the sale of June 2, 1900, had been genuine and had been executed by actual delivery of both the 22½ shares of stock and 50 per cent contract, yet inasmuch as respondent permitted Stevenson to use the stock and contract for his own benefit, the grant is fraudulent under Sec. 3397, R. S. 1899, equally as though the instrument of June 2, 1900, reserved a use and benefit to Stevenson, and in express words created the secret relation of trustee on respondent's part and benefi-

ciary on Stevenson's part. In such case the respond-
ent might terminate the trust by performing it as she
did when she pretends she returned the stock to
Stevenson in April, 1902. She cannot afterwards make
a valid claim to the property or its proceeds on the
ground of the original alleged fraudulent conveyance.
If she divested herself of title which she received in
fraud of law, equity will not reinvest it in her. The
barrier to her recovery from Stevenson prior to July
28, 1905, is not removed by Stevenson's transfer of
the stock to defendant. Fargo v. Ladd, 6 Wis. 106;
Sauer v. Baer, 49 Mo. App. 86; Railroad Co. v. Math-
ers, 104 Ill. 257; Guntley v. Staed, 77 Mo. App. 155;
Bank v. Powers, 134 Mo. 432; Barton v. Sitlington,
128 Mo. 164.

*Daniel Dillon* for respondent.

(1)   Defendant is not in a position, as a creditor
of Stevenson, to question the good faith of the trans-
fer of this stock or any other property by Stevenson.
At best, defendant has a claim for services, which is
denied by Stevenson. He has not reduced his claim to
judgment or even attempted to do so. Such a claim-
ant, or alleged creditor, cannot maintain any proceed-
ing in court to question or set aside a conveyance on
the ground of fraud, and the reason of the rule is that
he may never get a judgment, and therefore may have
no rights which were injuriously affected by the con-
veyance. Davidson v. Dockery, 179 Mo. 689; Crun v.
Walker, 79 Mo. 335; Kent v. Curtis, 4 Mo. App. 121.
(2)   Even if Stevenson was the owner of the stock
in controversy in this suit, and, under the advice of
defendant, it had been placed in the name of defend-
ant, pursuant to an agreement or understanding that
defendant was to return it to Stevenson on demand;
and even if Stevenson did this for the purpose of con-
cealing the stock from his creditors, yet defendant

could not hold it, even as against Stevenson. Where transfer of property is made from a client to his attorney (especially when made under the advice of the latter), for the purpose of defrauding creditors, parties are not regarded as *in pari delicto,* but the client will be relieved if it can be done without injury to an innocent purchaser. 3 Am. and Eng. Ency. Law, 338; 4 Cyc. 962; Ford v. Harrington, 16 N. Y. 285; Goodenough v. Spencer, 46 How. Pr. (N. Y.) 347; Place v. Hayward, 117 N. Y. 495; Herreck v. Lynch, 150 Ill. 283; Story's Eq. Jur. (13 Ed.), secs. 310, 313.

FERRISS, J.—This suit arises upon a bill in equity filed by plaintiff in the circuit court of the city of St. Louis against the defendant.

The petition charges that W. H. Stevenson, acting as agent for plaintiff, Mrs. Lindsley, entered into an agreement with defendant to the effect that defendant should receive in his own name the certificate of stock alleged to belong to plaintiff for sixty shares of stock in the Helmbacher Forge & Rolling Mill Co., and indorse same in blank and immediately transfer it to Stevenson as agent for plaintiff; that the certificate was so issued to defendant, and that defendant refused to comply with the agreement so made; and the court is asked to decree that the said defendant holds said stock as trustee for plaintiff, also that plaintiff be enjoined from transferring said stock, and for other and further relief.

Defendant in his answer alleged that the plaintiff had no title, right or interest in such certificate; that she had unlawfully confederated with the said Stevenson, who was the real party in interest, to put herself forward in his place and stead as the owner of said stock; that said Stevenson was insolvent; that said Stevenson had owned certain shares of stock in the Bristol Realty Company, together with the participation contract of that company, and that, with intent to

hinder, delay and defraud his creditors, said Stevenson transferred said stock and contract to plaintiff, and that such transfer was made without the knowledge or co-operation of plaintiff, and that the bill of sale for same was not delivered to plaintiff until after this suit was instituted; that said shares of stock and contract were exchanged by Stevenson for other property, a part of which consisted of this sixty shares of stock of the Helmbacher Forge & Rolling Mill Company; that said stock was issued to plaintiff at the request of said Stevenson for the purpose on the part of Stevenson of hindering, delaying and defrauding his creditors, and that this claim of ownership by the plaintiff is made in pursuance of the fraudulent plan of said Stevenson to conceal and cover up the property so as to hinder, delay and defraud his creditors, and that the plaintiff and Stevenson unlawfully conspired for this purpose; that it was the purpose of Stevenson to cause the stock involved in this suit to be transferred to a holding corporation, the stock of which was to be issued to the defendant and by him indorsed in blank and delivered to Stevenson.

It will be perceived that the defendant does not allege any facts which would give him any interest or ownership in this stock. The case was tried before the court, and it developed in the evidence that the defendant asserted a claim against Stevenson for legal services rendered during a period of four or five years, during which time he was the confidential attorney and adviser of Stevenson in the various financial transactions developed in the evidence, which transactions, defendant claimed, were had on the part of Stevenson for the purpose of hindering, delaying and defrauding his creditors. The defendant does not claim any ownership in this stock, but admits that he was holding it to force Stevenson to settle his claim for attorney's fees. He claimed that Stevenson owed him $15,000, which claim Stevenson denied in toto.

Defendant offered to return this stock to Stevenson if the latter would acknowledge in writing that he owed the defendant $15,000 for his services, which Stevenson refused to do.

The plaintiff introduced evidence which tended to prove that she was the owner of this stock; that Stevenson was her agent; that all of the transactions, so far as she was concerned, were bona fide; that defendant had no claim against Stevenson for fees, and that he had been paid for all of his services.

The pleadings were quite lengthy, and the transcript of the evidence presents a large record. It is unnecessary to go into the testimony in detail.

The court found the issues in favor of the plaintiff, and ordered, adjudged and decreed that defendant indorse to plaintiff and deliver to her or her counsel of record the certificate of stock described in the petition.

I. After a thorough consideration of the facts in evidence, we are of the opinion that the finding of the court in favor of the plaintiff is fully justified by the record. The evidence for the plaintiff is clear and satisfactory that she was the owner of this stock; that she had permitted Stevenson to use her property in St. Louis, not for the purpose of hindering and delaying his creditors, but as a loan to enable him to extricate himself from financial difficulty, and that he had so used the property; that this particular stock was placed in the name of the defendant who was acting as attorney for plaintiff's agent, with the understanding and agreement that he was to indorse the certificate in blank and turn it over to plaintiff's agent; that defendant, in violation of this agreement, refused to turn over the stock; that he asserted no legal or equitable ownership in same, but held it for the avowed purpose of compelling Stevenson to give him a written acknowledgment that he, Stevenson, owed defendant $15,000 for legal services.

The defendant did not itemize his claim for services. He testified that he had not and could not render a bill. The evidence fails to establish that he had a claim against Stevenson to the amount of fifteen thousand dollars or any other amount; that is to say, he gave no testimony which, even if true, would afford a satisfactory basis for a judgment in his favor against Stevenson in any amount for services rendered as an attorney. He stated in effect that he had represented Stevenson for four or five years, and that his services were worth $15,000. But it is unnecessary to decide whether defendant had a legal claim against Stevenson for services, because even if he had such claim he had no right to hold this stock for the sole purpose of forcing a settlement with Stevenson. It was placed in his name as the confidential adviser of Stevenson, under an express agreement that he would immediately indorse and deliver it to Stevenson. Such action on his part is to be condemned, if for no other reason than that it is violative of the confidential relation which existed between him and his client. This would be true if the stock in point of fact belonged to Stevenson. It is certainly true when the stock in point of fact belonged to plaintiff; especially, where it may be fairly inferred that defendant, because of his knowledge of all of these transactions, knew that the stock belonged to the plaintiff.

II. The defendant, recognizing no doubt the weakness of his position so far as his attempt to hold this stock as security for his fees is concerned, defends upon the further ground that the transfer of this stock to him by Stevenson was made for the purpose of hindering and delaying the creditors of Stevenson; and he invokes the rule that where a conveyance is made for such purpose, and an attempt is made by the grantor to regain the property, equity, because of the corrupt purpose which prompted the conveyance,

will leave the parties where it finds them. We are of the opinion, however, that this unhappy defense is not available to the defendant. The rule which he invokes does not apply to a case like this, where the grantee is the confidential attorney of the grantor, and receives the conveyance as such. The rule applicable to this case is clearly expressed in 3 Am. and Eng. Ency. Law, p. 338, and is as follows: "Even where the conveyance by the client to his attorney is for the declared purpose of hindering and delaying the creditors of the client, it cannot be sustained as against him by the attorney or his assignee with notice; the parties are not regarded as being *in pari delicto,* and equity will refuse to sustain such a conveyance." The leading case cited to support the text is Ford v. Harrington, 16 N. Y. 285, which held that, although the object of the assignment was to perpetrate a fraud on the creditors, yet on account of the relations existing between attorney and client, the attorney must be compelled to restore what he had acquired under the assignment. Therefore, even if the defendant should succeed in establishing as a fact that Stevenson was the real owner of this stock, and that the purpose of the transfer of the stock to defendant was to hinder, delay and defraud the creditors of Stevenson, still the defendant would have no right to hold the stock as against Stevenson.

This case was very fully tried by the circuit court, and great latitude was allowed the defendant in the introduction of testimony and examination of witnesses. The findings of the court are fully sustained by the evidence, and its judgment and decree are affirmed.

*Kennish, P. J.,* and *Brown, J.,* concur.