## OLE LANDRO v. GREAT NORTHERN RAILWAY COMPANY and Another.[1]

June 6, 1913.

Nos. 18,080—(123).

**Attorney and client — summary jurisdiction of court.**

1. The court has jurisdiction, in a summary proceeding, to compel an attorney to pay to his client moneys received as the result of litigation; and in this case the trial court rightfully exercised summary jurisdiction.

**Same — contract construed.**

2. The contract between the plaintiff and his attorney for compensation in a personal injury suit is construed, and the amount which the attorney should pay the plaintiff is determined and is directed to be paid.

Plaintiff obtained from the district court for Marshall county an order directing Gay Halvorson, his attorney, to show cause why an order should not be made compelling him to account to plaintiff for the money received from defendant and that he pay over to plaintiff one-half of the total amount received and in addition thereto an amount sufficient to pay the bill of a certain physician. The matter was heard before Grindeland, J., who ordered Gay Halvorson to pay to plaintiff or to his attorneys the sum of $1,113.72. From that order, Gay Halvorson appealed. Order modified and affirmed.

*A. A. Miller,* for appellant.

*Charles Loring* and *Julius J. Olson,* for respondent.

[1] Reported in 141 N. W. 1103.

Note.—On the question of the right of a client to maintain trover or case for money collected by attorney, see note in 20 L.R.A.(N.S.) 35.

DIBELL, C.

This is a summary proceeding instituted by the plaintiff against G. Halvorson, his attorney in a personal injury suit against the Great Northern Railway Company, to compel him to pay the plaintiff the unpaid portion of his share of the proceeds of the suit. From an order of the trial court directing him to pay the plaintiff the sum of $1,113.72, Halvorson appeals.

1. Counsel for Mr. Halvorson claim that the court was in error in directing payment in a summary proceeding, without suit.

Courts have inherent power to compel attorneys, in a summary proceeding, to pay to their clients money which they have received for them. This power existed at common law. Often it is granted or recognized by statute. It is so in Minnesota. R. L. 1905, § 2289. An attorney is an officer of the court. This court has jurisdiction of him. When he collects money, belonging to his client, to whom he is under a constant obligation of the highest fidelity, he may not keep it, and from the vantage ground of a defendant in possession compel his client to pursue the slower process of law by ordinary suit. If the attorney has a lien, it may be summarily adjusted. If there is a contract as to fees the court will construe it. If the attorney has a claim for fees their amount may be determined. One court puts it in this way: "The law is not guilty of the absurdity of holding that, after a client has spent years in collecting through his attorney a lawful demand, he shall be put to spending as many more to collect it from his attorney, and, if that attorney should not pay, then try the same track again." Bowling Green v. Todd, 52 N. Y. 489, 493. The general rule is thoroughly well settled. Weeks, Attorneys, § 94; 3 Am. & Eng. Enc. (2d ed.) 411; 4 Cyc. 975; Union v. Soderquist, 115 Iowa, 695, 87 N. W. 433; Schell v. Mayor, 128 N. Y. 67, 27 N. E. 957; In re Ernst, 54 App. Div. 363, 66 N. Y. Supp. 620; Lynde v. Lynde, 64 N. J. Eq. 736, 52 Atl. 694, 58 L.R.A. 471, 97 Am. St. 692.

It does not follow that questions in dispute must be determined on affidavits. Evidence may be taken and a finding be made by the court, or a reference may be directed, or an issue may be sent to a jury. But speed, and not delay, characterizes the proceeding.

The power resting in the court is one to be exercised cautiously, yet with resolution, so that each party will be protected and neither will be wronged. Not every dispute between an attorney and his client can be determined summarily. The controversy may be such as to require a resort to suit. The limits of the proper exercise of summary jurisdiction are well within the facts now to be narrated.

2. The plaintiff's case against the Great Northern was twice tried in the district court and was twice appealed. The difficulty was to get an award of damages sufficiently low. The plaintiff was injured in a wreck and there was no real issue as to liability. On the first appeal it was reversed because of excessive damages. On the second appeal it was affirmed on condition that the plaintiff remit all of the verdict in excess of $8,000. He remitted. Judgment was entered in the lower court on June 5, 1912, for $8,761.96, which included the verdict of $8,000, interest of $480, and costs and disbursements of $281.96, making a total of $8,761.96. On the two appeals the Great Northern obtained judgments against the plaintiff for costs and disbursements amounting to $384.52. Halverson received the amount of the judgment of $8,761.96, less the cost judgments of $384.52, and less the sum of $1,600 which went to the counsel appearing for the plaintiff in this proceeding, who were associate counsel in the trial.

Halvorson's contract with the plaintiff was a contingent one. The portion of it bearing directly upon the question of compensation is as follows: "It is agreed that the second party (Halvorson), shall receive for his fees, for all services rendered in said action, one-half of the amount that may be finally recovered and out of the costs to be taxed against the said Great Northern Railway Co., the second party shall receive the amount equal to the costs he may have paid."

The plaintiff relies upon this contract. He does not make the claim that it is champertous or so unconscionable as to be invalid. He has received part payment and asks what he claims is still due. We are necessarily restricted to a construction of the contract as a valid one and its enforcement according to its terms. As we construe it, Halvorson should have one-half of the verdict and interest, less the two judgments for costs in this court, and should be allowed

the judgment for costs in the district court, which is in amount materially less than his actual expenses.

This is the proper statement:

Verdict and interest ........................... $8,480.00
Less judgments in supreme court .................. 384.52
                                                   ———————
Left for division .............................. 8,095.48
                                                   ———————
Plaintiff's one half ........................... 4,047.74
Deduct $3,500 paid plaintiff ................... 3,500.00
                                                   ———————
Due plaintiff .................................. $547.74

The trial court, by including the judgment of $281.96 in the fund for division, allowed Halvorson only one-half of it.

Halvorson was required to pay the plaintiff $425, which, it seems, is a bill of Dr. Bratrud. This bill was made out for $450 against the plaintiff for "services  *  *  *  at and prior to trial of cause," and contained a credit of $25 from Halvorson. Whether a valid claim, or whether Halvorson should pay it, does not appear, and if contested it could not, so far as the record shows, be determined in a summary proceeding. There may have been concessions at the trial which explained the allowance. There are none before us. If the claim be a valid one against Halvorson, Bratrud may recover it in a proper action.

The court was right in proceeding summarily. The only error is in the amount directed to be paid.

The order of the trial court is modified so as to direct the payment of $547.74, with interest from August 14, 1912, the date of the institution of the proceeding in the court below, and as so modified it is affirmed.

Order modified and affirmed.