## J. C. REMI CHAREST v. J. M. BISHOP.[1]

### June 1, 1917.

### Nos. 20,267—(104).

**Attorney's retention of client's money — court's jurisdiction over attorney to compel return.**

1. The district courts of this state under section 4956, G. S. 1913, as well as at common law, have disciplinary authority over attorneys practicing therein, and on the petition of a client may, in a summary proceeding, require them to return money or property received from the client in the course of their employment and for which they have failed to account.

**Discretion of court.**

2. Whether, in a particular case, a summary proceeding shall be entertained or the client put to his remedy by action at law, rests in the sound discretion of the trial court.

**Attorney's claim of ownership.**

3. A claim of ownership of the money or property by the attorney does not prevent an exercise of the summary jurisdiction of the court; such claim merely presents a question or issue of fact to be determined with all other issues presented.

**Real party in interest.**

4. On the facts stated in the opinion it is *held* that the client was in this case the real party in interest, with the right to initiate the proceeding, though the money in dispute was in fact the property of another.

**Findings sustained.**

5. The findings of the trial court are *held* not clearly or palpably against the evidence and are therefore sustained.

Application of J. C. Remi Charest to the district court for Pennington county for an order to show cause why J. M. Bishop should not pay over to Hortense Charest the sum of $1,000. J. M. Bishop appeared specially and his motion to dismiss the proceeding was denied; re-

[1]Reported in 162 N. W. 1063.

spondent's demurrer to the complaint was overruled. The matter was heard by Grindeland, J., who made findings and granted the application. From the order granting the application, defendant appealed. Affirmed.

*E. M. Stanton,* for petitioner.

*Ira C. Richardson, Charles Loring* and *G. A. Youngquist,* for J. M. Bishop.

BROWN, C. J.

Petitioner in this proceeding was formally charged with the commission of a crime by a warrant issued out of the municipal court of the city of Thief River Falls, Pennington county, this state. He was arrested and taken before the court for a preliminary hearing, and retained respondent as his counsel, who is an attorney and counselor at law residing and practicing as such in said city and county. The arrest was made on May 29, 1915, and the hearing was had on June 4 following, at the conclusion of which petitioner was held to await the action of the grand jury, bail being fixed at the sum of $1,000. The bail being furnished petitioner was released from custody. He was indicted by the grand jury, but on trial in the district court was acquitted and discharged. Respondent acted as counsel for petitioner at the preliminary examination, and also in the district court where he assisted at the trial. It is the claim of petitioner that at the time of his retainer respondent undertook and agreed to procure sureties to sign the necessary bail bond; that in connection with that service he stated to petitioner that it would be necessary to secure the bondsmen by a cash deposit of $1,000 and that petitioner would have to produce the money. Whereupon petitioner procured his daughter, who had money on deposit in one of the city banks, to issue to respondent as his attorney, but for the protection of the bondsmen, two checks of $500 each, the first one being issued on May 29, the second on June 4, at the conclusion of the preliminary examination. Both checks were delivered to respondent and were by him cashed at the bank. Upon receipt of the money respondent procured the necessary sureties, one being his wife, and the other the president of the bank upon which the checks were drawn. After the trial and acquittal of petitioner he demanded a return of the money, but

respondent refused to pay it over, claiming that it had been paid to him for services rendered and to be rendered in the criminal prosecution, and not for the protection of the sureties. Petitioner then brought this proceeding in the district court of the county of the attorney's residence to compel a restoration of the money. An order to show cause was issued upon a petition setting forth the facts stated, and on the return day thereof the court heard the evidence tendered by the parties, made findings of fact to the effect that respondent received the money for the purpose stated, and as conclusion of law ordered and directed that he return the same to the person from whom he received it, namely, petitioner's daughter, the same being her property. Respondent appealed.

A large number of assignments of error are discussed in appellant's brief, many of which are without substantial merit and do not call for special mention. The principal questions are: (1) Whether the court had authority and jurisdiction to hear the matter in the summary way stated; (2) whether the petitioner had the right to initiate the proceeding, since the money did not belong to him; and (3) whether the evidence supports the findings of the trial court.

1. There can be no serious question of the authority and jurisdiction of the court to entertain the petition and to summarily hear and dispose of the questions thus presented. The money was delivered to respondent, if the facts alleged in the petition be true, and the court has found that they are true, for the specific purpose of protection to the bondsmen, and he so received it in his professional capacity as attorney for petitioner. The purpose for which it was so delivered to him was attained and satisfied when petitioner was acquitted, for the sureties were then released and discharged from all liability on the bail bond. The money having served the intended purpose petitioner was entitled to have it returned. The power of the court to compel a return in the manner here adopted is conferred by section 4956, G. S. 1913, as well as by the common law. 1 Thornton, Attorneys at Law, 608. In fact the statutory authority is merely declaratory of the common law on the subject (Union Bldg. Assn. v. Soderquist, 115 Iowa, 695, 87 N. W. 433), and as conferred by our statute is broad enough to include a case like that here presented. Subdivisions 1, 2 and 3 of the section cited are inapplicable here, for respondent makes no claim of a lien on the

money as security for his fees or otherwise. The basis of the statute, as well as of the rule at common law, is found in the fact that attorneys are officers of the court wherein they practice, forming a part of the machinery of the law for the administration of justice, and as such subject to the disciplinary authority of the court, and to its orders and directions in respect to their relations to the court as well as to their clients. 6 C. J. 711; 1 Thornton, Attorneys at Law, 608, and authorities there cited. Goss Printing Press Co. v. Todd, 202 Mass. 185, 88 N. E. 780; In re Paschal, 10 Wall. 483, 19 L. ed. 992; In re H. 87 N. Y. 521. Whether, in a particular case the matter should be summarily dealt with or the client put to his remedy by an action at law, rests in the sound judgment and discretion of the trial court, in the exercise of which in this instance we discover no error. Landro v. Great Northern Ry. Co. 122 Minn. 87, 141 N. W. 1103; Schell v. New York City, 128 N. Y. 67, 27 N. E. 957; Anderson v. Bosworth, 15 R. I. 443, 8 Atl. 339, 2 Am. St. 910; 2 R. C. L. 1026. The suggestion of counsel for respondent that the proceeding, if the petitioner had the right to maintain it at all, should have been commenced in the municipal court where the criminal prosecution was commenced is without merit. Nor does the fact that respondent claims ownership of the money remove the case from the operation of the statute. His claim in this respect simply raised an issue of fact whether he held the money in his own right, or for the protection of the bondsmen.

2. The contention that the proceeding was not commenced by the proper party, that petitioner is not the real party in interest, is not sustained. The money was paid to respondent at the instance and request of petitioner, and for his benefit, and no good reason occurs to us why the latter may not be heard in proceedings to compel a return of the same. The relation of attorney and client did not exist between respondent and petitioner's daughter, who furnished the money, and she has no claim against him for its return. She advanced it at the instance and request of petitioner, and the effect of the transaction was a loan of the money to him. He may therefore maintain the proceeding. Respondent is in no way prejudiced. He is required to return the money to the real owner, and there can be no question of a second liability.

3. The important question in the case is whether the findings of the

trial court are sustained by the evidence. We have given careful attention to the record, and discover therefrom no sufficient reason for disturbing the findings and therefore sustain them. Whatever may be the rule as to the degree of proof required to establish the attorney's delinquency in a case of this kind, the rule guiding this court in the review of findings of the trial court is thoroughly settled and established, and precludes interference except when the findings are found to be clearly and palpably, or as sometimes expressed, manifestly, against the evidence. The rule applies to all actions or proceedings brought to this court for a review of the evidence submitted to the trial court. In the case at bar it stands admitted that, as a part of his employment as attorney for petitioner, respondent undertook and agreed to furnish the necessary bail, and to keep petitioner out of jail pending the proceedings in the municipal court and also in the district court. This admission appears in respondent's answer to the petition herein. In performance of this agreement he procured his wife as one and the president of the local bank as the other surety. The evidence on the part of petitioner is that respondent required the deposit of $1,000, as protection to the bondsmen, and that the money in question was delivered to respondent for that purpose. This is expressly and positively denied by respondent, and though admitting that he agreed to and in fact did procure the persons named to become the sureties, he insists that there was no talk of securing them by the deposit of money or otherwise, and that the money paid to him was for his services in the criminal prosecution and for no other purpose. Petitioner was corroborated by the testimony of members of his family, and respondent by inferences legitimately to be drawn from the facts disclosed by the evidence. Thus was presented to the trial court a square and direct conflict in the evidence upon the principal issue in the case. The court resolved it against respondent, and from a careful consideration of the record we are unable to say that the court was clearly or manifestly in error. The case is one of the application of the rule guiding us in such cases, which we have no right to disregard, or right to substitute our opinion of the facts for that of the trial court.

This covers all that we feel called upon to say in disposing of the case. We have not overlooked any of the points urged by counsel for

respondent, but have considered them all with the result that no reversible error appears.

Order affirmed.