# ROMAN MISENICH v. IVER C. NELSON.[1]

## February 11, 1921.

## No. 22,023.

**Jurisdiction of district court over attorneys.**

The district court has undoubted jurisdiction to inquire into the conduct of attorneys toward their clients, not only in respect to pending actions therein, but also in respect to other legal business of any character, provided the attorney resides in the county of the district court. G. S. 1913, § 4956. [Reporter.]

**Summary proceedings for return of client's money.**

Plaintiff, an alien, was in jail because of failure to register under the draft law. Defendant attorney procured an order to draw $250 from his deposit in a savings bank and drew the money. The same day or the next day, after an interview with the officer in charge of the enforcement of the draft law, plaintiff agreed to join the army and was released from custody. Defendant did not keep his promise to return $200 to plaintiff, and the court ordered him to return $175. The proceeding was summary, the controversy being submitted on affidavits. There were no exceptions. *Held:* Defendant is in no position to question the propriety of the proceeding. [Reporter.]

From an order of the district court for Hennepin county, Leary, J., requiring Iver C. Nelson to pay over $175 to his client, he appealed. Affirmed.

*Donald Hughes,* for appellant.

*N. Rivkin,* for respondent.

PER CURIAM.

Appeal from an order requiring appellant, an attorney at law, to pay over certain money to respondent, his client. From the record it appears that respondent, an alien, found himself in the county jail of Hennepin county, evidently arrested for failure to register under the draft law. Through an acquaintance he sent for appellant, who came to the jail and was employed to obtain respondent's liberty. Respondent had $600 in a savings bank. Appellant procured an order to draw $250 thereof. He drew the money. The same day, or the day following, an officer in charge of the enforcement of the draft law interviewed respondent, and when the latter understood the situation he at once consented to be inducted into the army, and was released from

[1] Reported in 181 N. W. 319.

custody. He made efforts to get back some of the money from appellant. He was promised $200, but the promise was not kept. Thereupon this proceeding was brought, and the court ordered the return of $175.

Objection is now raised because appellant did not have a regular trial. The record contained no exceptions. Both parties submitted their controversy on affidavits. Appellant is not in position to question the propriety of this summary proceeding. And even if he were it would not avail. Landro v. Great Northern Ry. Co. 122 Minn. 87, 141 N. W. 1103; Charest v. Bishop, 137 Minn. 102, 162 N. W. 1063.

It is further claimed that only a Federal court could deal with the matter since respondent was in custody for a violation of an act of Congress of which no state court has jurisdiction. The claim is without merit. Appellant acknowledges that he became respondent's attorney. The district courts of this state have undoubted jurisdiction to inquire as to the conduct of attorneys toward their clients, not only in respect to actions therein pending, but also in respect to other legal business, no matter what such business may have been, provided the attorney resides in the county of the district court whose authority is appealed to. G. S. 1913, § 4956, is too plain for argument on the proposition.

Appellant claims that the $250 was paid as a retainer, hence no part thereof could be reclaimed by respondent. The court evidently found otherwise, and the finding is amply sustained.

Order affirmed.