## JACK SARJA v. PITTSBURGH STEEL COMPANY. G. A. SWANSON AND ANOTHER, APPELLANTS. [1]

January 12, 1923.

No. 23,111.

**Workmen's Compensation Act—right of attorney to contract with client limited by section 8201, G. S. 1913.**

1. The provision in section 8201, G. S. 1913, limiting the right of attorneys for employes in proceedings to recover for loss under the Workmen's Compensation Act to contract with their client, is valid legislation, and as to services of an attorney rendered for a plaintiff in such a proceeding this section governs and not the previously enacted sections 7973 and 4955, G. S. 1913.

**Attorney compelled to return money kept under void contract.**

2. The court properly entertained a summary proceeding to compel restoration of money retained under a contract void because lacking the required written approval of a judge of the district court.

**Fees allowed sufficient.**

3. The amount allowed by the court as fees cannot be complained of by appellants as being insufficient.

[1] Reported in 191 N. W. 742.

Plaintiff petitioned the district court for Crow Wing county that it determine the fee to be allowed G. S. and C. H. Swanson for services and disbursements as his attorneys in effecting with defendant corporation a settlement of his claim, and that they return to petitioner the difference between the $900 retained by them and the amount to be fixed by the court. The matter was heard by McClenahan, J., who made findings fixing the attorneys' compensation at $250, and ordered them to pay to plaintiff the sum of $650 within 90 days after personal service of a copy of the findings. From the judgment entered pursuant to the order for judgment, G. S. and H. A. Swanson appealed. Affirmed.

*Swanson & Swanson*, pro se.

*M. E. & C. A. Ryan*, for respondent.

HOLT, J.

Plaintiff, through appellants his attorneys, instituted a proceeding in the district court for compensation under the Workmen's Compensation Act against the Pittsburgh Steel Ore Company, his employer. Issue was joined, but before trial a settlement was effected, pursuant to which judgment for $1,800 against the employer was entered. This was paid, and appellants, claiming that plaintiff, the respondent, had agreed to pay them one-half of the recovery for their services, retained $900. Thereafter the court, on plaintiff's petition and a hearing, made an order requiring the appellants to return the amount retained in excess of $250. The attorneys appeal from the judgment.

The first contention is that the part of the Workmen's Compensation Act (section 8201, G. S. 1913), which authorizes the court to fix the fee of the attorney who represents the injured employe in the compensation proceeding is unconstitutional. As we understand the main argument against the provision named, it is that the employer and insurer are free to pay their attorney fighting the claim of the employe any sum agreed. Therefore, it is said, the employe with his illy paid attorney has not an equal show of success in the court proceeding with the employer or insurer represented by high priced and hence highly efficient attorneys. We think there is

nothing to this argument. As capable attorneys appear for the employe as for the employer or insurer in these proceedings, and the size of the fee seldom fixes a lawyer's efficiency.

But, be that as it may, it is clear that for the purpose of securing to those intended to be protected or aided by the act the full benefits thereof, section 8201 was enacted. It reads, as far as here important: "No claim for legal services or disbursements pertaining to any demand made or suit brought under the provisions of this act shall be an enforceable lien against the amount paid as compensation, or be valid or binding in any other respect, unless the same be approved in writing by the judge presiding at the trial, or, in case of settlement without trial, by a judge of the district court." The situation of employers and injured employes is sufficiently unlike to authorize legislation specially protecting the one class and not the other. We apprehend the employers or their insurers do not need other protection against exorbitant attorney's fees than the law affords defendants generally in lawsuits. That injured employes in compensation suits need protection is plainly brought home by the disclosure in this proceeding. Section 8201 is just as much a part of our statutory law as is section 7973, G. S. 1913, giving a client an unrestricted right to agree with his attorney as to the measure and mode of compensation, and section 4955, giving a lien therefor, and being later, must be construed to have taken out of the operation of the previously existing statutes those matters embraced within its provisions.

Appellants cannot shift their ground now and claim that plaintiff was not really entitled to recover under the Workmen's Compensation Act, for they predicated recovery solely thereon and had judgment entered thereunder. The only case cited by appellants on the question of the constitutionality of section 8201, namely, May v. Charles Hoertz & Son, 204 Mich. 432, 170 N. W. 305, is against them, as are also the cases therein referred to.

The section above quoted so plainly provides that no claim of an attorney for legal services in an employer's compensation matter is valid or binding, unless approved in writing by a district judge, that it is idle to contend that the agreement relied on has any force what-

ever to protect appellants in the retention of any part of the sum obtained from the employer in settlement. That being so, the court has ample powers of control over its officers, the attorneys, to compel a restoration by them of any amount not lawfully retained out of the funds obtained for the client in the course of the employment. Landro v. Great Northern Ry. Co. 122 Minn. 87, 141 N. W. 1103; Misenich v. Nelson, 148 Minn. 479, 181 N. W. 319; State v. Carey, 151 Minn. 517, 187 N. W. 710. In Klampe v. Klampe, 137 Minn. 227, 163 N. W. 295, a contract was held void as against public policy, here the contract is invalid under the statute. There it was held the attorney could be made to restore in a summary proceeding.

The only other assignment of error challenges the amount allowed appellants for their services by the court. The expenses incurred or paid by appellants were less than $50. In State v. District Court of Hennepin County, 139 Minn. 409, 166 N. W. 772, we took occasion to say: "The amount for which the lien is allowed in this case is not questioned by anyone and hence is not before us for consideration, but we wish to call attention to the fact that the proceedings under this law are informal and summary and are intended to be inexpensive, and that only extraordinary circumstances will justify the court in allowing a lien for any considerable proportion of the compensation awarded the dependent." The fees for the attorney there allowed was $400 on an award of $6.50 per week for 300 weeks. We do not think that the attorneys can justly complain of the amount allowed them by the learned judge in this case.

The judgment is affirmed.