JEAN MARJORIE AKERS v. ARTHUR (ARTIE) EUGENE AKERS.
HYMAN M. JUSTER, APPELLANT.[1]

February 2, 1951.

No. 35,387.

---

[1]Reported in 46 N. W. (2d) 87.

134

*Hyman M. Juster, pro se,* and *Leonard T. Juster* (Of Counsel), for appellant.

*Mahoney, Morrison & Cragg,* for respondent.

KNUTSON, JUSTICE.

Jean Marjorie Akers commenced an action for divorce against her husband, Arthur. Appellant acted as her attorney. Before trial, the parties effected a reconciliation and personally dismissed the action. The dismissal is dated July 21, 1950. Prior to the dismissal of the action, plaintiff had left with appellant three Russian sable furs, two diamond wedding rings, and control over a Cadillac automobile. Appellant claims that this property was left with him so that his client's husband could not reach it and also as security for the payment of his attorney's fees. On July 22, 1950, the day following the dismissal of the action, appellant prepared and filed a notice of attorney's lien, and he now claims that he has a right to a lien on the property left with him for payment of his attorney's fees. On July 24, 1950, the husband, defendant in the divorce action,

procured from the court an order to show cause why appellant should not be required to surrender the property mentioned above to the parties to the divorce suit. He claimed title to the property as administrator of an estate then being probated in Cook county, Illinois. Prior to a hearing, appellant released the automobile, so we are not concerned with that item of property. After a hearing, the court issued its order requiring appellant to release and deliver the property to the parties to the action. This appeal is from that order.

The appeal raises principally four questions:

(1) May the respective rights of the parties to the property be determined in a summary proceeding on an order to show cause?

(2) Is there any common-law attorney's lien aside from that provided by statute in this state?

(3) May appellant assert and enforce a lien for his fees subsequent to the dismissal of an action for divorce?

(4) If appellant has no enforceable attorney's lien, may he still hold the property in his possession as security for his fees under the circumstances shown in this case?

The power of a court to compel an attorney in a summary proceeding to return to a *client* money or property in his possession which he has no right to retain can hardly be open to question. The power existed at common law and is expressly recognized by our statute. M. S. A. 481.14. In Landro v. G. N. Ry. Co. 122 Minn. 87, 88, 141 N. W. 1103, 1104, we said:

"* * * An attorney is an officer of the court. This court has jurisdiction of him. When he collects money, belonging to his client, to whom he is under a constant obligation of the highest fidelity, he may not keep it, and from the vantage ground of a defendant in possession compel his client to pursue the slower process of law by ordinary suit. If the attorney has a lien, it may be summarily adjusted. If there is a contract as to fees the court will construe it. If the attorney has a claim for fees their amount may be determined. One court puts it in this way: 'The law is not guilty of

the absurdity of holding that, after a client has spent years in collecting through his attorney a lawful demand, he shall be put to spending as many more to collect it from his attorney, and, if that attorney should not pay, then try the same track again.' Bowling Green v. Todd, 52 N. Y. 489, 493. The general rule is thoroughly well settled. Weeks, Attorneys, § 94; 3 Am. & Eng. Enc. (2d ed.) 411; 4 Cyc. 975; Union v. Soderquist, 115 Iowa, 695, 87 N. W. 433; Schell v. Mayor, 128 N. Y. 67, 27 N. E. 957; In re Ernst, 54 App. Div. 363, 66 N. Y. Supp. 620; Lynde v. Lynde, 64 N. J. Eq. 736, 52 Atl. 694, 58 L. R. A. 471, 97 Am. St. 692."

"* * * The basis of the statute, as well as of the rule at common law, is found in the fact that attorneys are officers of the court wherein they practice, forming a part of the machinery of the law for the administration of justice, and as such subject to the disciplinary authority of the court, and to its orders and directions in respect to their relations to the court as well as to their clients." Charest v. Bishop, 137 Minn. 102, 105, 162 N. W. 1063, 1064.

Whether in a particular case the matter should be summarily dealt with or the client put to his remedy by an action at law rests in the sound discretion of the trial court. Charest v. Bishop, *supra*.

In Misenich v. Nelson, 148 Minn. 479, 181 N. W. 319, the court ordered the attorney to return part of the money left with him, permitting him to retain the part which he had earned.

In Union Bldg. & Sav. Assn. v. Soderquist, 115 Iowa 695, 698, 87 N. W. 433, 434, the Iowa court said:

"* * * The fact that the client has a legal remedy for the recovery of the money does not affect the right of the court to see that its own officer does not act contrary to his duty. In re Grey [1892] 2 Q. B. 440. In the summary proceeding the court has the power to adjust any set-off which the attorney may have on account of fees or other charges due to him in connection with the proceeding in which he received the money in question, or as the result of any other services for which he has a lien on money of his client coming into his hands."

Nor is it necessary that the relation of client and attorney exist before the court may act. In State v. Carey, 151 Minn. 517, 521, 187 N. W. 710, 712, we said:

"* * * That the conventional relation of attorney and client need not necessarily exist in order that one who has paid money to an attorney for a certain purpose may compel its return in a summary manner is shown by the following cases: Hess v. Conway, 92 Kan. 787, 142 Pac. 253, 4 A. L. R. 1580; Anderson v. Bosworth, 15 R. I. 443, 8 Atl. 339, 2 Am. St. 910."

In the case now before us, the court found that appellant's client in the divorce action was present at the hearing and, while not the moving party, joined in the proceeding. Even if this were not true, the court would still have power to require appellant, as an attorney, to account to the person who actually owned the property if he has no right to hold it. Appellant admits that the property was deposited with him, at least partly, in order to keep his client's husband from reaching it during the pendency of the divorce action. The court found this to be the fact. Under these circumstances, appellant cannot be heard to complain about a summary determination of his rights to retain possession.

Our statute, M. S. A. 481.13, gives an attorney a lien for his compensation:

"(1) Upon the papers of his client coming into his possession in the course of his employment;

"(2) Upon money in his hands belonging to his client;

"(3) Upon the cause of action from the time of the service of the summons therein, or the commencement of the proceeding, and upon the interest of his client in any money or property involved in or affected by any action or proceeding in which he may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of such lien claim, as provided in this section;

"(4) Upon money or property in the hands of the adverse party to the action or proceeding in which the attorney was employed,

from the time such party is given notice of the lien. If the client has an interest in any real or personal property, whether held by any bailee, pledgee, judgment creditor or otherwise, the attorney shall be entitled to a lien upon such property wherever situated, for the value of his services, whether under a special agreement as to compensation or for the reasonable value thereof, and shall also have a lien for any contributions in money or services which the attorney makes for the preservation of the client's interest in the property or for the enhancement of the value thereof. If the client is not a resident of this state, jurisdiction may be had by service of notice of order to show cause without the state or by mailing a copy thereof to the client outside of the state, without the need of further jurisdictional requirements, provided the property itself is within the State of Minnesota;

' "(5) Upon a judgment, and whether there be a special agreement as to compensation, or whether a lien is claimed for the reasonable value of the services, the lien shall extend to the amount thereof from the time of giving notice of his claim to the judgment debtor, but this lien is subordinate to the rights existing between the parties to the action or proceeding;"

Attorney's liens fall into one of two classes, namely, (1) a general, possessory, or retaining lien; or (2) a charging lien. 5 Am. Jur., Attorneys at Law, § 208.

The first type of lien is dependent upon possession and is a passive one, which can be enforced only by retaining possession until the attorney's charges are satisfied. In Northrup v. Hayward, 102 Minn. 307, 113 N. W. 701, we stated that only the possessory or retaining lien was known to the common law, but that is not a correct statement of the law. Both types of lien were recognized by the common law. Westerlund v. Peterson, 157 Minn. 379, 197 N. W. 110; Norrell v. Chasan, 125 N. J. Eq. 230, 4 A. (2d) 88, 120 A. L. R. 1238; 5 Am. Jur., Attorneys at Law, § 208. While it has been said that our statute is only declaratory of the common law (In re Stronge & Warner Millinery Co. [D. C.] 33 F. [2d] 1001), that statement must be considered in the light of our statute

and the interpretation to be placed upon it. Generally, where a statute purports to cover the entire field, as does ours, it must be considered to govern to the exclusion of common-law or equitable liens. Annotation, 120 A. L. R. 1245.

In Forbush v. Leonard, 8 Minn. 267, at p. 268 (303 at p. 305), we said:

"The lien of an attorney, whatever it may have been at common law, is in this state regulated by statute, and we must accordingly confine the parties to such only as the statute recognizes and enforces."

Our lien statute is a substitute for the common-law lien. Westerlund v. Peterson, *supra*. When the legislature has defined a common-law lien, its definition supersedes the common-law definition and must govern. Robinson v. Rogers, 237 N. Y. 467, 143 N. E. 647, 33 A. L. R. 1291. That is true whether the common-law lien is enlarged or restricted. 1 Jones, Liens (3 ed.) § 114.

In Alderman v. Nelson, 111 Ind. 255, 258, 12 N. E. 394, 396, the Indiana court said:

"It is not necessary to inquire whether an attorney had a lien on his client's judgment at common law, for the statute covers the entire subject and creates the lien, and that is the only one that can be enforced. It was undoubtedly within the power of the Legislature to abrogate a rule of the common law, so that, if it were conceded that the lien existed at common law, it would not avail the appellees. The statute is now the source from which the lien is derived, and it can only exist as the statute creates it."

Section 481.13(1, 2) includes what we have adopted of the common-law possessory or retaining lien. Westerlund v. Peterson, *supra*. The common-law retaining lien included all money *or property* in the hands of the attorney. In re Stronge & Warner Millinery Co. (D. C.) 33 F. (2d) 1001, *supra;* 5 Am. Jur., Attorneys at Law, § 210; 1 Jones, Liens (3 ed.) § 113.

Section 481.13(1) covers papers of the client which have come into the possession of the attorney in the course of his employment,

and § 481.13 (2) covers *money* in the attorney's hands belonging to the client. The question arises whether either of these paragraphs covers *property* such as is involved in this case. Clearly, under the common-law lien, property such as we have here could be included, at least if it could be said that it came into the attorney's possession as a result of the litigation. If our statute is merely declaratory of the common law, it might be said that the same construction should be placed upon it. Paragraphs (1) and (2) of our statute have existed in their present form since territorial days. R. S. 1851, c. 93, § 16.

Prior to 1917, paragraph (3) of our statute read (G. S. 1913, § 4955) :

"Upon the cause of action from the time of the service of the summons therein."

Paragraph (4) read as follows:

"Upon money in the hands of the adverse party to the action or proceeding in which the attorney was employed, from the time such party is given notice of the lien."

By L. 1917, c. 98, § 1, paragraph (3) was amended to read:

"Upon the cause of action from the time of the service of the summons therein, or the commencement of the proceeding, and upon the interest of his client in any *money or property* involved in or affected by any action or proceeding in which he may have been employed, from the commencement of said action or proceeding, and, as against third parties, from the time of filing the notice of such lien claim, as provided in this section." (Italics supplied.)

Paragraph (4) was amended to read:

"Upon money *or property* in the hands of the adverse party to the action or proceeding in which the attorney was employed, from the time such party is given notice of the lien." (Italics supplied.)

By L. 1939, c. 394, paragraph (4) was further amended and enlarged, and as so amended it remains as paragraph (4) of our

present statute. From the amendment of paragraph (3) by the addition of *money or property,* and the amendment of paragraph (4) by the addition of *property* to *money* within the permissible scope of the lien, it must follow that prior to the amendment neither money nor property was included in paragraph (3) and that paragraph (4) included only money, to the exclusion of other property. Any other conclusion would make the amendments meaningless.

If the term "money" as used in paragraph (4) prior to the amendment did not include other property, it must follow that the same word used in paragraph (2) must be given the same meaning. The result is that paragraphs (1) and (2) do not include property such as we have under consideration here, and there can therefore be no possessory or retaining lien under our statute on such property. If our statute is too limited in its scope, the remedy lies with the legislature to extend it still further, rather than with the courts.

There is another reason why a possessory or retaining lien cannot attach to the property involved here. The general rule is that the lien of an attorney does not extend to money or property delivered to him for a special purpose. 5 Am. Jur., Attorneys at Law, § 212; 1 Jones, Liens (3 ed.) § 138; Lindsley v. Caldwell, 234 Mo. 498, 137 S. W. 983, 37 L.R.A.(N.S.) 161; Anderson v. Bosworth, 15 R. I. 443, 8 A. 339, 2 A. S. R. 910; Annotation, 51 A. S. R. 255; Sanders v. Seelye, 128 Ill. 631, 21 N. E. 601.

It must therefore follow that under either rule the property here involved is not subject to a possessory or retaining lien under § 481.13 (1) or § 481.13 (2).

There remains for consideration the question whether a lien could attach under other provisions of our statute. We are not concerned with the automobile in the hands of a third person, since that has been surrendered, and any claim of lien against that item of property has been released. The charging lien of an attorney under the common law, and under our statute, is intended to enable an attorney to effect a lien on property recovered by him in the litigation.

In Johnson v. Johnson, 217 Minn. 436, 437, 14 N. W. (2d) 617 (see 28 Minn. L. Rev. 488), we held, following Wagner v. Wagner,

34 Minn. 441, 26 N. W. 450, that where a divorce action is dismissed the court's authority to grant attorney's fees or expenses in the divorce action is at an end, saying:

"* * * In a divorce suit no property comes into the picture unless a divorce is granted; then, incidental thereto, property rights are adjusted, and an attorney's lien may be impressed. The divorce—the cause of action—is not susceptible of a lien."

If no property comes into the picture unless a divorce is granted, there is no property upon which a charging lien may be asserted. Under the decision in the Johnson case, paragraphs (3), (4), or (5) of § 481.13 can have no application unless a divorce is granted. It must therefore follow that there is nothing in this case to which a charging lien could attach.

Appellant contends that even if there is no lien he still has a right to hold the property as security for the payment of his fees. We do not hold that a client may not pledge property with an attorney for the payment of his fees, and, if that is done, the attorney may, in a proper case, collect his fees out of the property so left as security. However, in this case the court determined that the property was not so left with appellant, but was left with him for the reason that plaintiff in the divorce action wished to place it beyond the reach of her husband.

There is ample support in the record for the trial court's decision. Appellant's notice of attorney's lien[2] alone might be enough to sustain such finding; but, coupled with the affidavit of respondent (the husband) and the admissions in appellant's counteraffidavit—

_____
[2]"To whom this may concern:

"You will please take notice that the undersigned attorney of record herein claims a lien for professional services rendered herein for the reasonable amount thereof. Such lien is claimed upon all property, money and effects involved in the above entitled cause of action.

"Dated July 22nd, 1950.

"HYMAN M. JUSTER,
437 Andrus Building,
Minneapolis, Minnesota,
"Attorney for Plaintiff."

"That on the day affiant was retained herein, plaintiff delivered to him a package containing some furs and diamond rings. That affiant was then informed by plaintiff that she is the owner of the furs and the rings and that defendant is trying to take the same away from her and deprive her thereof, and that affiant should protect the same from seizure by defendant,"

we feel that there is ample support in the record for the court's finding and that it should not be disturbed on appeal. It is true that the quoted portion of appellant's affidavit is followed by a claim that the property was also left with him as security for the payment of his fees; but that position is inconsistent with his claim of lien, which was prepared and filed the day after the action was dismissed. If, as appellant now contends, the property had been left with him under an agreement or contract with the owner that it should serve as security for payment of his fees, there would have been no necessity for making and filing a lien for his services. The inconsistency of the two positions is apparent, and appellant's admission in the first part of his affidavit, that the property was left with him for a purpose which would place it beyond his reach unless he could impress a lien upon it, coupled with his attempt to establish such lien, negates a claim that he held it under a contract or agreement that it should serve as security for the payment of his fees irrespective of any lien. Further than that, the relief requested by appellant in his affidavit conclusively shows that he relied on a lien, not on an agreement such as is now asserted. His request for relief was:

"1. That respondent's lien upon the furs and rings is based upon his possession thereof.

"2. That the Court has no jurisdiction to summarily order the release thereof because affiant's lien is not based upon any order of the Court and that his right thereto can only be determined in an independent action.

"3. That the possession of the foregoing came into affiant's hands from the plaintiff and not from defendant, and that the only

party who may seek re-possession thereof is the plaintiff although upon a proper showing, defendant may intervene in such action.

"4. That the right to lien of property in possession does not depend upon notice."

Under these circumstances, the court was justified in determining that the property was not deposited as security and that appellant has no right to retain possession of it.

Affirmed.

