**ST. CLOUD NATIONAL BANK & TRUST CO., Respondent,**

v.

**Dan J. BRUTGER, Defendant,**

**Lindquist & Vennum, Appellant.**

**No. C0–92–585.**

Court of Appeals of Minnesota.

Sept. 8, 1992.

Review Denied Nov. 17, 1992.

Thomas A. Janson, Schmitt, Marrin, Marso & Janson, St. Cloud, for respondent.

Robert J. Sheran, James A. Lodoen, Ansis V. Viksnins, Lindquist & Vennum, Minneapolis, for appellant.

Considered and decided by SCHUMACHER, P.J., and NORTON and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Lindquist & Vennum appeals the trial court's entry of judgment based on a levy against its trust account by respondent St. Cloud National Bank & Trust Co. We affirm.

## FACTS

On January 11, 1991, Dan J. Brutger and the law firm of Lindquist & Vennum (L & V) entered into a written agreement under which L & V undertook representation of Brutger in connection with his financial difficulties. Brutger paid L & V an initial retainer of $109,255.70 which, according to the agreement, was

> to be applied against any fees and costs currently owing, with the remainder to be deposited in [L & V's] fiduciary account and held for withdrawals against periodic bills for services rendered and other fees, charges and expenses incurred.

L & V continued efforts to arrange a workout.

On March 22, 1991, a default judgment for $98,271.40 on a promissory note was entered against Brutger and in favor of St. Cloud National. To satisfy its judgment

against Brutger, St. Cloud National obtained a writ of execution and on May 24, 1991, served it with a third-party levy on L & V. At that time, only $83,913.61 remained of the original $109,255.70 retainer. St. Cloud National and L & V disagreed on whether the remaining retainer was subject to levy and submitted the matter to the trial court pursuant to an order to show cause. The trial court ruled in favor of St. Cloud National, concluding that the retainer fee was Brutger's property, which was subject to levy until used to pay legal expenses incurred, and that L & V did not have a lien on the retainer fee.

## ISSUES

1. Did the trial court err in concluding that the retainer fee was Brutger's property subject to levy?

2. Did the trial court err in concluding that L & V did not have a lien on the retainer fee?

## ANALYSIS

Whether a retainer fee is subject to a third-party levy is an issue of first impression in this state. Since the issue is a question of law, we need not defer to the trial court's decision. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn. 1977).

1. L & V contends that it earned Brutger's retainer fee upon receipt and that its interest in the fee prevents the fee from being subject to St. Cloud National's levy.

■ A retainer fee can have one of two purposes. It can be a fee prepaid to engage a lawyer's services for a given period of time to ensure the lawyer's availability, or it can be an advance deposit made for fees and expenses to be incurred in the future representation. *See In re Disciplinary Action Against Lochow,* 469 N.W.2d 91, 98 (Minn.1991); *Black's Law Dictionary* 1183 (5th ed. 1979). It is well-established that advance payments for future services are client funds until earned, while payments that are made to ensure the lawyer's availability are earned at the time

they are collected. *Lochow,* 469 N.W.2d at 98. Therefore, if the retainer that Brutger paid to L & V was made as a deposit for future services, it belongs to Brutger.

■ As other jurisdictions have acknowledged, the retainer agreement dictates the purpose of the retainer fee. *See, e.g., In re Stern,* 92 N.J. 611, 458 A.2d 1279, 1283 (1983); *Jacobs v. Holston,* 70 Ohio App.2d 55, 434 N.E.2d 738, 741 (1980). The retainer agreement in this case specifically states that Brutger's retainer fee would be deposited in L & V's trust account and held for withdrawals for services rendered. According to the agreement, the parties intended the fee as an advance deposit to pay for future services and not as immediate compensation to L & V for its commitment to represent Brutger. Therefore, the money in the trust account still belonged to Brutger and was subject to levy by his creditor, St. Cloud National.

L & V argues, however, that to allow levy in this circumstance undermines its attorney relationship with Brutger, either denying it the ability to complete its representation of his interests or forcing it to complete that representation without compensation. On this point, we find it compelling that L & V would have been able to protect Brutger's retainer funds against the bank's levy by commencing a bankruptcy proceeding within 90 days of the levy. The United States Bankruptcy Code provides that a bankruptcy trustee may avoid, as a preference, any transfer of the debtor's property to a creditor (including by levy) made within 90 days before the date of the filing of the bankruptcy petition. 11 U.S.C. § 547(b) (1988). The client, however, eschewed bankruptcy at that time and, thus, chose to forego protection of the retainer.

The code also provides that those entitled to payment for administrative expenses, such as attorney fees, have priority over creditor claims. 11 U.S.C. § 507(a) (1988). Had L & V been able to commence a bankruptcy proceeding earlier, the levy by St. Cloud National could have been set aside and the trust account funds would have been available to pay L & V's attorney fees

in connection with the bankruptcy, and those funds might have been so used.

We conclude, however, that independent of bankruptcy law protection, client funds deposited in a law firm's trust account are subject to levy by the client's creditors.

■ 2. L & V next contends that even if it did not earn the retainer fee upon receipt, it has an attorney's lien against the fee which is superior to the rights of St. Cloud National. At common law, two types of attorney's liens were recognized: the retaining lien and the charging lien. *Akers v. Akers,* 233 Minn. 133, 138, 46 N.W.2d 87, 91 (1951); *Boline v. Doty,* 345 N.W.2d 285, 288 (Minn.App.1984). Statutory provisions have since preempted common law. *Village of New Brighton v. Jamison,* 278 N.W.2d 321, 324 (Minn.1979).

Minnesota has abolished the retaining lien. 1976 Minn.Laws ch. 304, § 2. The charging lien, however, remains and is embodied at Minn.Stat. § 481.13 (1990), which provides in pertinent part:

> An attorney has a lien for compensation * * * upon the cause of action * * * and upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed.

In general, a charging lien is the equitable right of any attorney to have fees and costs due him for services in a particular suit secured by the judgment or recovery in such suit. 7A C.J.S. *Attorney and Client* § 359 (1980). The theory behind the charging lien is that

a successful party should not be permitted the fruits of the judgment secured by the attorney's services without paying for those services.

*Boline,* 345 N.W.2d at 288 (citing *Schroeder, Siegfried, Ryan & Vidas v. Modern Elec. Prods., Inc.,* 295 N.W.2d 514 (Minn. 1980)).

■ A charging lien applies in the situation where a client recovers money or property as a result of an attorney's services. The attorney can then establish a lien on the recovered money or property as security for fees owed by the client. *See* Minn. Stat. § 481.13(3)–(4). In this case, Brutger did not receive the money at issue as a result of L & V's representation. Rather, Brutger paid the money to L & V as an advance for future services. This advance payment is not the appropriate subject of a charging lien; a charging lien does not secure an attorney's interest in a retainer fee.

## DECISION

Because the retainer fee was Brutger's property and not yet earned by L & V and because L & V was not entitled to an attorney's lien on the retainer fee, the trial court properly granted judgment in favor of St. Cloud National based on its levy.

Affirmed.