EDWARD SCHELL *v.* THE MAYOR, ETC., OF NEW YORK.

In the Matter of the Application of ROBERT SCHELL for an Order Requiring PETER A. HARGOUS, an Attorney, to Pay Over Moneys Collected in the Above-entitled Action.

While *it seems,* a proceeding on the part of a client, or his assignee, to compel his attorney to pay over money received by him for the client, may be entertained, and the court may direct payment of the money or punish the attorney by fine or imprisonment, this is not a matter of absolute legal right, but simply one of discretion, and an order refusing to grant the relief sought, which does not show that it was made because of want of jurisdiction, is not reviewable here.

Reported below, 58 Hun, 440.

(Argued May 7, 1891; decided June 2, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made December 29, 1890, which reversed an order of the Special Term and denied the application of the petitioner.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*John Delahunty* for appellant. In this case Mr. Hargous acted solely as an officer of the court and the remedy invoked is proper. (*In re Paschal,* 10 Wall. 491; *In re Aitkin,* 4 B. & A. 47; *U. S.* v. *Anon,* 21 Fed. Rep. 471; *B. G. S. Bank* v. *Tood,* 52 N. Y. 489; *Foster* v. *Townsend,* 2 Abb. Pr. 243; 87 N. Y. 524.) Even if the petitioner originally had no right to institute this proceeding, the respondent, by his stipulation, has waived his right to raise that objection; the rights of the parties were fixed by the stipulation they saw fit to enter into, and the order reversed by the General Term is expressly founded on that stipulation. Parties may by stipulation waive statutory and constitutional rights. (*In re N. Y. & L. R. R. Co.,* 98 N. Y. 447.)

*Moody B. Smith* for respondent. This proceeding can only be brought for misconduct, for a tort or wrong, and is in

the nature of a contempt. (*In re Knapp*, 85 N. Y. 284; *Hudson* v. *Terrall*, 2 Dowl. Pr. 264; *In re Aitkin*, 4 B. & Ald. 47; *In re Cardross*, 7 Dowl. Pr. 861; *In re Paschal*, 10 Wall. 483; *Batsbury* v. *Frazer*, 19 Penn. St. 95.) There is no reason for the assumption that in assigning a debt one can assign a summary proceeding to collect that debt, not on account of the debt, but for misconduct. (*Fairchild* v. *Sargent*, 104 N. Y. 115.)

O'Brien, J. The petitioner is the assignee of Robert Schell who recovered a judgment against the mayor, etc., of the city of New York on the 25th of July, 1885, for $5,507.16. He states in his petition that the whole amount of this judgment was paid over in the month of August, 1885, by the defendant in the action, to Peter A. Hargous, the attorney for the plaintiff and who prosecuted the claim. It appears that the attorney was to receive and retain, as compensation for his services in the action, a certain percentage of the recovery. The petitioner admits that the sum was to be twenty-five per cent and the attorney claims that, by the agreement, he was to have more, though no claim, beyond twenty-five per cent, seems to have been made by him till after these proceedings were instituted. The court at Special Term made an order, upon the petitioner's application, directing the attorney to pay to the petitioner the sum of $3,251.31, that being the amount found due, or in default of such payment, within five days, that a commitment issue against him. The General Term has reversed this order and denied the application and the petitioner appeals to this court from the order of reversal. The usual and ordinary remedy of a party, for the enforcement of a claim against another, is an action in a court of law or equity but, as between attorney and client, it has long been settled that a proceeding of this character, to compel the attorney to pay over money received by him and which belongs to the client, may be entertained and is within the power of the court. The principle upon which this exceptional remedy in such cases is based, is the power which the court has over its own

officers to prevent them from, or punish them for, commiting acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice. In such cases the court, in vindication of its own dignity or for the relief of the client when clearly wronged, may entertain summary proceedings by attachment against any of its officers, and may, in its discretion, direct the payment of money or punish them by fine or imprisonment. When an application is made to the court for the exercise of its powers to compel an attorney to pay over money received for and belonging to the client, the ground of the jurisdiction is the misconduct of its own officer. It has been said that this power should always be exercised with great prudence and caution and a sedulous regard for the rights of the client on the one hand and of the attorney on the other. It is not an absolute right that the client has to invoke this severe and summary remedy against the attorney, but one always subject to discretion. It is for the court to say when and under what circumstances it will entertain such proceedings, against its officers, upon the application of the client, and a refusal to proceed in that way is not the denial of any legal right. (*Bowling Green Savings Bank* v. *Todd*, 52 N. Y. 489; *In the Matter of Knapp*, 85 id. 284; *In the Matter of H*——, *an Attorney*, 87 id. 521; *In re Paschal*, 10 Wallace, 483.)

It does not appear, from the order appealed from, that the application was refused for want of power to grant it, and we must, therefore, assume that it was denied for the reason that the court, in the exercise of its discretion, did not consider the case under all the facts and circumstances, a proper one for the exercise of the extraordinary jurisdiction invoked. If we were permitted to look into the opinion of the General Term for the ground of reversal and denial of the relief, it would appear that the court was of the opinion that an assignee of the client was not entitled to this remedy. While it would, we think, be difficult to show that the Supreme Court has not the power to entertain the proceedings, even upon the application of an assignee, it certainly could, in the exercise of its

discretion, decline to use it, and that may have been the ground of the decision appealed from. The order of the General Term was, therefore, one resting in discretion, and we have no power to review it.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.