In re REDMOND.

(Supreme Court, Appellate Division, First Department. November 16, 1900.)

1. ATTORNEY AND CLIENT — COLLECTION OF FUNDS — SUCCESSOR IN INTEREST—
SUMMARY PROCEEDING.

While a summary proceeding to compel the payment of money by an attorney cannot be maintained unless the relation of attorney and client existed between the parties when the attorney received the money, the client's successor in interest can compel payment, though the relation has never existed between the successor and the attorney.

2. SAME.

Decedent was adjudged a lunatic, and a committee of her person and estate was appointed. The attorney for the committee received money

growing out of a transaction of the lunatic for safe-keeping only. The committee died, having rendered no account of her proceedings as committee, and no settlement was had. *Held*, that the relation of attorney and client did not exist between the attorney and the lunatic, and hence. the latter's administratrix could not maintain a summary proceeding to compel the attorney to pay over the money.

Appeal from special term.

Application by Catherine M. J. Redmond, as administratrix of Rebecca D. Champlin, deceased, for an order requiring Charles C. Leeds, an attorney, to pay over certain money. From an order denying the application, petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Isaac N. Miller, for appellant.

Almet R. Latson, for respondent.

HATCH, J. The application seems to have been denied in the court below upon the ground that it appeared upon the face of the petition that the relation of attorney and client did not exist between the parties, and that summary application could not be made to compel the payment of money in the absence of such relation. While it is undoubtedly true that the relation of attorney and client must have existed at the time of the reception of the money by the attorney, yet it does not follow that a successor in interest from the party may not maintain a summary proceeding to compel payment over by the attorney, even though the conventional relation does not and has never existed between them. The successor in interest may nevertheless succeed to all of the remedies which were possessed by the original party to compel payment of the money. In re Schell, 128 N. Y. 67, 27 N. E. 957, decided this, but did not extend the doctrine beyond it, and this exception did not bring the case in conflict with the rule announced in Re Knapp, 85 N. Y. 284. The exception has no application to the facts averred in this petition. In the present case it appeared that the petitioner is the administratrix of Rebecca D. Champlin, who had, prior to her death, been adjudged a lunatic. Caroline M. J. Champlin was appointed a committee of her person and estate upon such adjudication. After such appointment there was paid to the respondent, for the committee, a sum of money, of which the sum sought to have paid over in this proceeding is the balance. It appears by the petition that the original sum was received and retained by the petitioner for safe-keeping only.

The committee of the estate died, having never rendered an account of her proceedings as committee, and the same has never been in any manner settled. There is nothing before the court, therefore, to show whether the committee of the incompetent died intestate, or whether she has a personal representative. Nor has the estate of the committee in any wise been represented; nor does it appear that such estate is indebted to the incompetent. The respondent, at the most, was simply a custodian of this fund, and, as between the estate of the committee and himself, is responsible to such

estate for such sum of money; and it does not appear but that the committee properly paid out and distributed for the benefit of the incompetent a sum greater than that for which payment is sought to be compelled, in which event the lunatic might not have any interest in the fund. It is evident that upon the allegations of the petition the relation of attorney and client did not exist between the respondent and the incompetent person, and no such relation is pretended to exist between the petitioner and the respondent; nor does the petitioner derive interest from the deceased committee of the lunatic. The court was therefore right in making disposition of the proceeding which it did.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.