(157 App. Div. 392.)

## In re HITCHINGS.

(Supreme Court, Appellate Division, Second Department. June 6, 1913.)

1. ATTORNEY AND CLIENT (§ 126*)—SUMMARY REMEDIES OF CLIENT—MOTION TO COMPEL PAYMENT—DISCRETION OF COURT.

The remedy to compel an attorney by motion to pay over money which the petitioner claimed was due her is not a matter of absolute right, but rests in the discretion of the court.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 264–273; Dec. Dig. § 126.*]

2. ATTORNEY AND CLIENT (§ 126*)—SUMMARY REMEDIES OF CLIENT—DISCRETION OF COURT.

Where an attorney, who had invested petitioner's money as her agent and not in his professional capacity, became insolvent and went into bankruptcy, a summary order for him to pay over the sums due petitioner was properly refused; it appearing that he had acted in good faith and was without funds, and that the only effect of the order would be to render him in contempt of court.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 264–273; Dec. Dig. § 126.*]

3. ATTORNEY AND CLIENT (§ 126*)—SUMMARY REMEDIES OF CLIENT—LIABILITIES OF PARTNERS.

Where one member of a firm of attorneys received plaintiff's money for investment, and, becoming involved, lost the same, although his good faith was not questioned, his partners should not be required by summary motion to pay over to petitioner the amount lost; petitioner having an adequate remedy at law, in which the liability of the parties might be determined.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 264–273; Dec. Dig. § 126.*]

Appeal from Special Term, Kings County.

In the matter of the application of Maria D. Hitchings to compel William F. Wyckoff and others, attorneys at law and copartners, to pay over certain moneys. From an order denying the motion, petitioner appeals. Order affirmed.

On December 29, 1911, Maria D. Hitchings received a letter from the firm of Wyckoff, Clarke & Frost, signed by them on their usual law offices letter head, requesting her to bring to them a certain $1,500 bond and the accompanying mortgage, and inclosing a satisfaction piece of same for execution. Said Hitchings complied with this request on December 30, 1911. On March 5, 1912, said Hitchings received from Wyckoff, Clarke & Frost the sum of $44.10, together with an interest statement purporting to show same was the interest on the still outstanding mortgage. On July 5, 1912, the same amount and a similar interest statement of similar purport were received from said firm. Both of the last-mentioned sums were equivalent to the semiannual amount of interest less the usual collection fee. Repeated inquiries during all of 1912 at the offices of the firm resulted in statements by those in charge that (1) the mortgage was still outstanding, and that (2) said Hitchings papers had been mislaid. In February, 1913, a search of the records revealed the fact that the satisfaction piece had been filed and recorded in Queens county clerk's office on January 4, 1912. Payment was thereupon duly demanded, but same was neglected and refused.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Harry W. Kouwenhoven, of Brooklyn (Walter E. Warner, of Brooklyn, of counsel), for appellant.

Edgar Jackson, of Freeport, and Frederic E. Mygatt, of New York City, for respondents.

PER CURIAM. This is an appeal from an order made at Special Term in Kings county, denying a motion made by the petitioner for a summary order to compel certain attorneys, who composed the firm of Wyckoff, Clarke & Frost, to pay over to the petitioner certain moneys. The motion was denied in the discretion of the court, and without prejudice to the right of petitioner to bring an action.

[1, 2] In an application like this, the granting of the relief sought is within the discretion of the court, and it is not a matter of absolute legal right. Matter of Schell, 128 N. Y. 67, 27 N. E. 957. Where the moneys sought to be collected were received by an attorney, not in his professional capacity, but as a business agent of the person who paid them over to him, then an order cannot issue summarily against him for the repayment of the moneys in question. Matter of Langslow, 167 N. Y. 314, 60 N. E. 590. The moneys in question were given originally by the petitioner to William F. Wyckoff, who was an attorney at law, but who at the same time was engaged in large and frequent real estate operations. They were given to him for investment on bond and mortgage at his discretion and judgment. They were invested originally in one bond and mortgage, which was subsequently paid off, and then again in another bond and mortgage, which was likewise paid off. The moneys in payment of the second bond and mortgage were received by the firm of Wyckoff, Clarke & Frost, and by it turned over to Mr. Wyckoff in his individual capacity. He has met with considerable misfortune, and has been obliged to go into bankruptcy. This application was made to compel him and his copartners to pay over these moneys to the petitioner under pain of imprisonment for contempt. So far as Wyckoff is concerned, it seems to us that the discretion of the court was exercised properly enough, as it appears that he is in bankruptcy, and has no funds to meet the requirement of a summary order. The only effect of such order would be to set in motion an imprisonment of Wyckoff, and there is no reasonable suggestion that in any of his dealings with the petitioner he was guilty of fraud or professional impropriety.

[3] As to the other respondents, the proof is that, while they were copartners with Wyckoff, yet each of them had his own line of business, making investments for his individual clients, and that none of them had anything to do with investments for the personal clients of the other partners, or in holding any moneys, except those given to each of them individually for such purpose. It may very well be that all three partners may be liable to this petitioner in an appropriate action; but we think this is not a case for a summary order against either Clarke or Frost, under the circumstances set forth in the record. The facts of this case distinguish it from that of Matter of Day, 142 N. Y. Supp. 62.

Order affirmed, without costs.