In the Matter of the Application of WILLIAM GROSS, Appellant, v. ABRAHAM VOGEL, an Attorney and Counselor at Law, Respondent.

Second Department, April 8, 1921.

Attorney and client — summary proceedings to compel attorney to pay over money — remedy not available except in clear case — proceeding not maintainable where attorney acting as business agent of parties in sale of corporation, in good faith, paid money received to petitioner's associate — application discretionary.

An attorney should not be subjected to summary process to compel him to pay over money to a client, except in a plain case where he has violated his professional duty, that is, really acted in bad faith. If the matter is one of doubtful right, the client should be left to the assertion of that right in an ordinary action.

Summary proceedings to compel an attorney to pay over money to his client are not maintainable where it appears that the petitioner and a third person, who were interested in a corporation owning a restaurant, sold the business, by a sale of the corporate stock, at a loss; that the attorney acted in that transaction as the attorney for both parties and upon receiving the money for the sale of the stock turned it over to said

third person who had been the president of the corporation; and that sometime thereafter the petitioner, not being able to agree with his associate as to the division of the money, made a demand on the attorney for what he conceived to be his share of the proceeds.

An application to compel an attorney to pay over money to a client is not a matter of right, but is addressed to the discretion of the court.

APPEAL by the petitioner, William Gross, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 19th day of January, 1921, denying petitioner's motion to confirm the report of an official referee and to order the respondent to pay over certain money to the petitioner.

*Jerome A. Strauss* [*William H. Mansfield* with him on the brief], for the appellant.

*Otho S. Bowling,* for the respondent.

MILLS, J.:

This is an appeal by the petitioner from an order made at the Kings Special Term, January 19, 1921, which order denied the petitioner's motion to confirm the report of an official referee and to order the respondent, an attorney, to pay over certain money to the petitioner, his former client.

The proceeding was instituted by a petition, stating the facts according to the petitioner's version. Upon the original motion, the Kings Special Term made an order, April 20, 1920, referring the matter to said referee to hear and report upon two certain questions submitted, with his recommendation as to the proper action to be taken by the court. Thereupon the referee took the proofs and heard the arguments of the parties, and, on November 15, 1920, reported in substance that the respondent had received the said sum of money ($808.94) for the petitioner, his client, and without right had paid the same over to another person, one Dr. Schoenbaum. The referee recommended, therefore, that respondent be directed by the court to pay that sum with interest over to the petitioner. The latter thereupon made at the Kings Special Term the motion which resulted in the order appealed from. In denying the motion the presiding justice filed a short opinion, which indicates that he took the view that in

the transaction respondent had acted not as the attorney but rather as the business agent of the parties, and that, therefore, within the doctrine of *Matter of Hitchings* (157 App. Div. 392), respondent should not be held liable to summary process, but that petitioner should seek his remedy by action against Schoenbaum. Therefore, in the exercise of his discretion, the learned justice denied the motion.

Upon the whole I agree with the result reached by the justice, not, however, upon the grounds stated by him in his opinion, but rather because I think that an attorney should not be subjected to this drastic remedy, except in a plain case where he has violated his professional duty, that is, really acted in bad faith. If the matter is one of doubtful right upon the part of the parties, the client should, I think, be left to the assertion of that right in an ordinary action. The main facts of this matter are few and simple, as follows:

The petitioner, a restaurant keeper, and one Dr. Schoenbaum, a practicing dentist, embarked in the restaurant business at No. 94 Chambers street, Manhattan. The business was incorporated, and they took it over by purchasing the stock of the corporation. The net purchase price was $10,000, of which the petitioner contributed $2,000 and Dr. Schoenbaum $8,000, the property being subject to a mortgage of $10,000. They divided the stock between them, twenty per cent to petitioner and eighty per cent to Schoenbaum. They really conducted themselves as partners, although the corporation was still continued. They agreed between themselves that the petitioner should devote his entire time to the business and draw $50 a week, and Schoenbaum, who was to do no work, was to draw $75 a week; and the profits were to be divided between them in the proportion of forty to eighty. They had also a sort of tentative agreement as to the division of the proceeds of the sale of the business if one should be effected, which agreement, however, was not consummated in written form. After a time it was evident that the venture was a losing one, and the parties sold the business out by the same method by which they had purchased, that is, by a transfer of the stock. Upon the sale they suffered a loss of about $4,000. The respondent acted thereat as their attorney, and upon the sale received for them in cash $4,044.73, and in notes

$1,375, all of which he turned over to Dr. Schoenbaum, who claimed that the entire investment by petitioner had been wiped out by the losses, one-half of which according to their agreement the doctor claimed he (the petitioner) was to bear. Some ten days later the petitioner demanded that the respondent pay over to him one-fifth of those receipts. Upon his demand being refused he instituted this proceeding against the respondent, instead of bringing an action against Schoenbaum, in which their respective rights could be determined. While it seems to me very likely that the petitioner has some valid claim against Schoenbaum upon the theory that the petitioner should bear only one-fifth of the losses, yet I am impressed by the record with the idea that the respondent acted in entire good faith and believed that under the special agreement of the parties, which had not been reduced to writing, Dr. Schoenbaum was, as he claimed, entitled to the entire proceeds. It looks very much as though the petitioner understood well at the time that the proceeds of the sale were all to be turned over to Dr. Schoenbaum, and that it was only some two weeks later, when he found himself unable to agree with the doctor as to the division between them, that he attempted to resort to the respondent upon the theory that he should have turned over to him directly twenty per cent of those proceeds. The referee, upon cross-examination of the respondent, made much of the fact that in an affidavit made by him after the sale which involved the resignation of Dr. Schoenbaum as president of the corporation he, respondent, spoke of Schoenbaum as then still being such president. The referee seems thereby to have been impressed unfavorably to the respondent. I think that no such inference was warranted by respondent's position, which was, in effect, merely that he considered that, as between the parties, Dr. Schoenbaum still occupied practically the position of president, and that it was proper for him, the attorney, to turn over the proceeds of the sale to Schoenbaum to dispose of as the parties might agree. Such an application as this is not at all a matter of right, but is one addressed to the discretion of the court. (*Matter of Hitchings, supra.*) The respondent in the matter represented both parties; he handed the proceeds of the sale to the one to whom he believed they belonged; and now,

simply because the parties have not been able to agree as to the disposition of the proceeds between them, I do not think that this drastic remedy should be allowed, which might result in respondent's imprisonment, or even disbarment.

Therefore, I advise that the order appealed from be affirmed, with ten dollars costs and disbursements.

RICH, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.