In the Matter of the Application of MARY T. R. SECREST, Petitioner, for an Order Directing FRANCIS L. WELLMAN and Others, Attorneys at Law, Composing the Firm of WELLMAN, SMYTH & SCOFIELD, Respondents, to Turn over Certain Moneys.

Supreme Court, New York County, June 16, 1927.

Attorney and client — application by client for summary order directing attorneys to turn over " unearned and unexpended portion " of money heretofore paid on account of professional services — proof fails to show justification for discharge of attorneys — court not warranted in granting application.

Petitioner, who paid the respondents, as her attorneys, the sum of $4,000 on account of professional services to be rendered by them, is not entitled to an order summarily directing said attorneys to turn over to her what she terms " the unearned and unexpended portion of the amount theretofore paid them," where the proof fails to show justification for respondents' discharge or any misconduct on their part; the court will not exercise its power of compelling an attorney to pay over money received for and belonging to a client in the absence of proof showing misconduct on the part of the attorney.

APPLICATION by client for order summarily directing attorneys to turn over money.

*Harry N. Selvage*, for the petitioner.

*Wellman, Smyth & Scofield* [*Herbert C. Smyth* of counsel], respondents in person.

LEVY, J. The petitioner paid respondents, as her attorneys, the sum of $4,000 on account of professional services to be rendered by them. Before these could be completed, she became dissatisfied and discharged them as her attorneys. She now seeks an order summarily directing the respondents to turn over to her what she terms " the unearned and unexpended portion of the amount theretofore paid them." No misconduct on the part of respondents is alleged; no ethical question is involved, nor are any facts set forth which would justify the discharge. As was said in *Matter of Gross* v. *Vogel* (196 App. Div. 358, 360): " An attorney should not be subjected to this drastic remedy, except in a plain case where he has violated his professional duty, that is, really acted in bad faith. If the matter is one of doubtful right upon the part of the parties, the client should, I think, be left to the assertion of that right in an ordinary action."

In *Schell* v. *Mayor, etc.* (128 N. Y. 67) our Court of Appeals said (at p. 68): " The principle upon which this exceptional remedy in such cases is based, is the power which the court has over its own officers to prevent them from, or punish them for, committing

acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice. In such cases the court, in vindication of its own dignity or for the relief of the client when clearly wrong, may entertain summary proceedings by attachment against any of its officers, and may, in its discretion, direct the payment of money or punish them by fine or imprisonment. When an application is made to the court for the exercise of its powers to compel an attorney to pay over money received for and belonging to the client, the ground of the jurisdiction is the misconduct of its own officer. It has been said that this power should always be exercised with great prudence and caution and a sedulous regard for the rights of the client on the one hand and of the attorney on the other. It is not an absolute right that the client has to invoke this severe and summary remedy against the attorney, but one always subject to discretion. It is for the court to say when and under what circumstances it will entertain such proceedings, against its officers, upon the application of the client, and a refusal to proceed in that way is not the denial of any legal right."

Indeed, nothing whatever is shown to indicate petitioner's right to a return of the moneys paid by her. Obviously, her dismissal of her attorneys prevented their performing the very services for which they were retained. No circumstances are here present which would seem to justify the court in entertaining these proceedings. (*Bowling Green Savings Bank* v. *Todd*, 52 N. Y. 489; *Matter of Knapp*, 85 id. 284; *Matter of H——, an Attorney*, 87 id. 521; *Matter of Paschal*, 10 Wall. 483.)

The application is denied.