In the Matter of the Application of HAZEL ROKOHL, Petitioner, against ————, an Attorney and Counselor at Law, Respondent.

Municipal Court of New York, Borough of Manhattan, Fifth District, May 12, 1932.

*Richard Steel*, for the petitioner.

Respondent, in person.

WHALEN, J. This is a motion for an order directing the attorney who represented the plaintiff, Hazel Rokohl, in an action in this court against Margaret Lane, Inc., to pay over to the plaintiff moneys collected on a judgment recovered in said action.

There is no dispute about the facts of the matter and the only question is whether or not this court has jurisdiction to make a

summary order against an attorney who claims a lien on the moneys collected for services rendered.

The former attorney for the plaintiff was requested by another attorney to bring this action and had no specific agreement for his fees. Therefore, he is entitled to a reasonable sum for services rendered. The complaint in the action was for $251.18, principal amount, and judgment was entered for $269.53 on November 11, 1931.

The original attorney concedes that he has collected the full amount of the judgment, the last payment having been made on February 29, 1932. He sent to the plaintiff $115 and offered $50.41 in full payment to the plaintiff, which the plaintiff rejected. This would be a total fee, including small disbursements, of $104.13 for collecting $269.53.

No precedent is cited to me as an authority for this proceeding, except the general statement in *Schell* v. *Mayor, etc.* (128 N. Y. 67), that every court of record has control over the attorneys practicing in the court.

At a conference had between the attorney for the plaintiff and the original attorney, it was conceded that $69.53 would be a reasonable fee and the attorney promised that the balance of $85 would be remitted to the attorney for the plaintiff. He has not complied with this promise. If the plaintiff starts an action at law in the Municipal Court against the attorney, it is possible for him to ask for a jury and tie the matter up for seven or eight months. Therefore, I think the remedy by summary proceeding should be applied if possible. The plaintiff objects to going into the Supreme Court, because the Judiciary Law seems to provide that the proceeding must be instituted in the court where the action is pending.

I, therefore, conclude to grant the motion. An order will be settled on notice.