In the Matter of the Petition of MIRIAM GLUCKMAN to Compel BENJAMIN INDIG, Respondent, an Attorney at Law of the State of New York, to Account and Pay over Certain Moneys and Turn over Certain Papers, Instruments and Documents.

Supreme Court, Special Term, Bronx County, January 22, 1937.

*M. John P. Jacobs,* for the petitioner.

*Philip Wolinsky,* for the respondent.

McLAUGHLIN (CHARLES B.), J.   This is a summary proceeding against an attorney.   The petitioner seeks an order directing the attorney to pay over to the petitioner an aggregate sum of $2,150 alleged to belong rightfully to the petitioner and to be wrongfully withheld from her by the said attorney.

The petition sets forth that on or about March 4, 1928, one Benjamin Indig, an attorney and the respondent herein, was retained by her to perform certain services in connection with the administration of her deceased husband's estate and with other matters.   The petition then lists various services which the

respondent allegedly agreed to perform and states that for these services, together with certain other additional services to be performed, the respondent charged and received the sum of $1,900. The petition further states that the respondent neglected to perform certain of the services for which he received remuneration, and also improperly collected additional moneys from the petitioner for services which were included in the payment of the $1,900 heretofore mentioned. The petitioner alleges also that there was improperly collected from her a brokerage commission for the sale of a parcel of real property by her, said commission being in the sum of $250. Lastly, the petitioner seeks to compel the respondent by order to turn over to her all papers in his possession belonging to her and in the event of non-compliance by him to punish him for contempt.

In his affidavit the respondent denies that he has ever received, has in his possession or has wrongfully retained any moneys belonging to the petitioner. He further asserts that he should not be compelled to turn over to the petitioner any papers in his possession because of the fact that he has a lien upon those papers as a result of the unpaid balance of a fee due him.

There can be no question of the power of this court to entertain the application here made. (*Foster* v. *Townshend,* 68 N. Y. 203.) But such application may not be made as of right, and whether or not the court will grant the summary remedies invoked in a proceeding of this nature is always a question resting in its sound discretion. An officer of the court should not be subjected to a summary proceeding unless it plainly appears that he is guilty of a breach of professional conduct or has acted in bad faith. (*Matter of Gross* v. *Vogel,* 196 App. Div. 358.) Such is not the case here. The respondent urges upon the court that he is being made the victim of the petitioner's spleen; that she threatened him at one time to make him pay back all that she had ever given him; that between 1928, when the $1,900 payment was made, and 1936, she made no complaint; that in December of 1932 she wrote him a letter in which she thanked him for his kind interest in her behalf; that recently he had acted as counsel in proceedings in the Surrogate's Court of Bronx county in which the interests he represented were in conflict with those of the petitioner, who was not then his client; that he had caused other proceedings to be brought against the petitioner for the purpose of recovering assets belonging to the estate he represented and that these proceedings terminated unfavorably for the petitioner; that between the years 1928 and 1936 no demand for the return of moneys was made upon him by the petitioner, but that such a demand was made upon him upon the institution of the Surrogate's Court proceedings mentioned herein.

There seems every probability that respondent will prevail. The dispute concerning the commission of $250 is only vaguely connected with defendant as an attorney. It seems that petitioner hired the broker, and she says there was some arrangement that the attorney would see that she did not have to pay him. That is a very improbable tale and the attorney denies it *in toto*. The court remits the petitioner to an action on that issue.

The court feels, also, that it would be improper at this time to direct the respondent to turn over papers in his possession, for he has a lien thereon.

The relief sought in this application is, therefore, denied *in toto* without prejudice to the bringing of an action by the petitioner for the same relief.

Settle order.