J. J. FISHER COMPANY, INC., Respondent, v. CENTRAL CITY ROOFING COMPANY, INC., Appellant.— On appeal from order denying defendant's motion to dismiss the complaint for insufficiency in accordance with the provisions of rule 112 of the Rules of Civil Practice, order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ., concur.

GEORGE FOXSON, Plaintiff, v. ELMUS BUILDING CORPORATION and Others, Defendants; AUGUST KNEHER, Appellant; J. P. DUFFY Co., CROSS AUSTIN & IRELAND LUMBER Co., NANCY OCCHINTO, Doing Business as NORTH SHORE LUMBER Co., UNION TILE SUPPLY CORP., Respondents.— Order confirming report of referee in surplus money proceedings, arising out of a foreclosure action, affirmed, so far as appealed from, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

MARY FRANZ, Respondent, v. HONOUR B. GELSON, Appellant.— In a summary proceeding, improperly entitled, against an attorney to compel her to pay money in her hands to an alleged client, the record is confused and, to a large extent, incoherent. It appears that the order is for the balance of a sum paid as an award to the petitioner in a condemnation proceeding. In that proceeding the petitioner was represented by an attorney who had full charge of the case, and the appellant in this case was not employed therein and took no part except in an advisory way in one particular instance. A portion of the award was paid to the appellant at the request and with the consent of the petitioner, and in part was thereafter disbursed in paying current expenses of the petitioner. The appellant acted not in the capacity of an attorney, but as a friend and business agent. The proceeding cannot be maintained. (*Matter of Langslow*, 167 N. Y. 314; *Matter of Niagara, L. & O. Power Co.*, 203 id. 493; *Matter of Hitchings*, 157 App. Div. 392.) In such a case the appellant is entitled to have a clear case made out against her. (*Matter of Knapp*, 85 N. Y. 284.) The right of a party to proceed summarily against an attorney is not absolute, but the remedy is allowed in the exercise of discretion. (*Schell v. Mayor, etc.*, 128 N. Y. 67; *Matter of Hitchings, supra.*) The order is reversed on the law and the facts, with costs, and the application dismissed, with ten dollars costs. The petitioner, if aggrieved, should proceed by action. Hagarty, Davis and Close, JJ., concur; Lazansky, P. J., and Adel, J., dissent from the dismissal of the application and vote to reverse and to remit to the Special Term for a hearing on the ground that defendant submitted herself to the jurisdiction of the court for an accounting.

JOHN GEHERAN, Appellant, v. EMIGRANT INDUSTRIAL SAVINGS BANK, Respondent.— Order denying plaintiff's motion to strike out the answer under section 299 of the Civil Practice Act reversed on the law and the facts, with ten dollars costs and disbursements, and motion to strike out granted, with ten dollars costs, unless within five days from the entry of the order hereon the defendant appear and complete its examination before trial and pay to the plaintiff the sum of twenty-five dollars; in which event the order is affirmed, with ten dollars costs and disbursements to appellant. Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ., concur.