■  DEBRA A. DUFFETT, Respondent, v ROBERT B. DUFFETT, Defendant. (Action No. 1.) GARY DUFFETT, Individually and as Parent and Natural Guardian of JAMES DUFFETT, an Infant, et al., Plaintiffs, v CAROLYN DUFFETT et al., Respondents. (Action No. 2.) JACK B. SOLERWITZ, Appellant.—In two actions, one for divorce and the other to recover damages for defamation and abuse of process, Jack Solerwitz (former counsel for the plaintiff in the first action and for the defendants in the second action) appeals from a judgment of the Supreme Court, Nassau County, entered November 2, 1979, which upon respondents' motion to have returned to them the legal fees collected by the appellant, awarded judgment to respondent Julia Rubino against appellant in the principal sum of $10,000 and declared certain promissory notes made payable to appellant to be null and void. Judgment modified by deleting therefrom the provisions which declared null and void (1) a promissory note executed by respondent Carolyn Duffett on or about March 9, 1978 in the principal amount of $5,000 and (2) the unpaid balance of a second promissory note executed by respondent Carolyn Duffett on or about April 18, 1977 in the principal amount of $2,500. As so modified, judgment affirmed, without costs or disbursements, and without prejudice to

the institution of a plenary action by Carolyn Duffett against the appellant with respect to the notes in question. Neither the underlying captioned actions nor the motion for the return of attorney fees paid by respondents Debra Duffett and Julia Rubino in connection with the underlying captioned actions related to the promissory notes executed by respondent Carolyn Duffett, which were delivered to the appellant in payment for legal services rendered by him in connection with Carolyn Duffett's independent matrimonial action. That action terminated prior to the inception of the instant motion and indeed was not even mentioned therein. Accordingly, there was no jurisdictional basis in the context of the present motion, for the cancellation of the promissory notes executed by Carolyn Duffett and representing allegedly excessive legal fees paid by her in connection with that matrimonial action. Such relief may be sought only in a plenary action. We have examined appellant's remaining contentions and find them to be without merit (see *Schell v Mayor of New York,* 128 NY 67; cf. *Matter of Secrest,* 129 Misc 793). Mollen, P. J., Hopkins, Mangano and Gulotta, JJ., concur.